313 So.2d 347 (1975)
Bessie Jones, wife of/and Wilbert VAUGHN, Plaintiffs-Appellants,
v.
Robert EARTHLY et al., Defendants-Appellees.
No. 4987.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
Rehearing Denied June 18, 1975.
Writ Refused September 17, 1975.
*348 Ward-Steinman & Karst by Carl O. Brown, Jr., New Orleans, for plaintiffs-appellants.
Brittain & Williams by Jack O. Brittain, Natchitoches, for defendant-appellee.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Polk, Foote, Randolph, Percy & Ledbetter by Edward G. Randolph, Jr., Alexandria, for defendants-appellees.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Plaintiffs Mr. and Mrs. Wilbert Vaughn appeal the judgment dismissing their damage claim for the death of their son John who was five years and ten months old. The trial court held defendants Earthly free of negligence on finding the child darted from an obscured area in front of the Earthly vehicle when the driver could not avoid striking him. We affirm.
The accident occurred at about 10:00 a. m. on the overcast, hazy, dry day of December 2, 1970 in a semi-rural area near Colfax. The narrow unelevated blacktopped parish road had narrow almost non-existent shoulders. The blacktop is barely wide enough to be classified a two-way road and there is no center line. The Vaughn house is on the north and their RFD mailbox is on the south side of the road. The road proceeds straight east and west for one-half mile in either direction from the mailbox, and there was no obstruction south of the road except the mailbox with its unusually large supporting standard and dense weeds east and west of the mailbox. The weeds were approximately two feet tall.
Plaintiffs' young son accompanied Rickie, his eleven and a half year old brother, across the street to look for mail in their box. They had been on the south side of the road for some time when defendant's westbound vehicle approached at 35 to 40 mph. The speed limit for that area was 60 mph, and both boys had been warned many times to watch for approaching traffic before crossing the road.
Rickie testified that just before the accident he was looking in the mailbox (which faced the road) and thought John was behind him. Rickie hadn't seen John for several seconds when he heard brakes screaching. He had not noticed the approaching vehicle until that moment. When he heard the brakes, Rickie looked at the car and saw John either 1) at the time he was hit, or 2) shortly, after he was hit by the center of the front of the Earthly vehicle. John had moved a distance of about 15 feet before he was struck.
The investigating officer measured 52 feet of skidmarks which he testified were laid down before impact, and no skidmarks after impact. Plaintiffs' young son was knocked or carried some 60 feet from the officer's estimated point of impact, and the Earthly vehicle stopped some 51 feet beyond that point. As noted, there were no skidmarks after impact, which indicates the vehicle rolled the last 111 feet without locked brakes.
Plaintiffs filed an excellent and persuasive brief arguing the Earthly vehicle was being driven at least 60 mph, and the driver should have seen the children on the side of the road. They argue Mrs. Earthly should have slowed to meet the duty of *349 care placed upon persons operating automobiles on highways in the vicinity of small children. This duty was considered in Collins v. Allstate, 264 So.2d 693 (La. App. 4 Cir. 1972); Comeaux v. Dupuis, 254 So.2d 687 (La.App. 3 Cir. 1971); Woods v. Cappo, 232 So.2d 578 (La.App. 1 Cir. 1970); and Sutton v. Rogers, 222 So.2d 504 (La.App. 2 Cir. 1969).
The trial judge concluded that the children were hidden from the westbound motorist's view by the mailbox, its large supporting standard, and the tall grass surrounding the mailbox. We also notice the westbound motorist's duty to look to her right as well as the left as she approached that area. A careful scrutiny of the area to her right was required because of the more likely possibility that children might run from the house or from behind shrubbery located near and north of the road.
Plaintiffs point to photographs made by the State Police at the scene of the accident and argue that there is no way the mailbox, its supporting standard, and the tall grass could have obscured the two children from the westbound motorist's view. The record establishes that Rickie's height was about that of the mailbox and John was not that tall. Rickie's pants were the same color as the supporting standard and his shirt blended with the color of the mailbox. The trial court rejected Rickie's testimony that he was in front of the mailbox and accepted other witnesses' testimony that both Rickie and John were west of the mailbox. Exhibits P-7 and P-8 demonstrate that the weeds west of the mailbox obscured a substantial area near the mailbox. It was established that John darted from a place of safety. There is impressive testimony to the effect that Mrs. Earthly reacted immediately by locking her brakes.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find no manifest error in the holding that the driver of the Earthly vehicle was not driving too fast, and was not negligent for failing to see and react to the children on the left side of the road before the child darted in front of her.
The judgment is affirmed at appellants' costs.
Affirmed.