WATSON, Judge.
Plaintiff, Joseph Babineaux[1], filed suit individually and on behalf of his 17-year-old minor son, Randy Babineaux, to recover for injuries and medical expenses sustained as a result of Randy’s being struck by a Winnebago camper-bus on September 5, 1973. It was stipulated that the Winnebago was being driven by defendant, Glenn H. Tanner, in the course and scope of his employment with defendant, Gator Hawk External Testers, Inc., and that the vehicle and the employer had liability insurance coverage with defendant United States Fidelity & Guaranty Company. Limits under the policy of $100,000 per person were also stipulated.
The trial court found Randy Babineaux’s negligence to be the “sole and proximate” cause of the accident and dismissed the suit. (TR. 234).
Plaintiff has appealed from the adverse judgment, alleging in essence that the trial court erred in not finding defendant Tanner negligent, contending that:
(1) the accident occurred at a crosswalk within the meaning of LSA-R.S. 32:212;
(2) Tanner was obliged to yield the right-of-way to a pedestrian in a school zone;
(3) Tanner was proceeding at an unsafe speed;
(4) Tanner was obligated to anticipate the discharge of a passenger from the city bus stopped ahead of him; and
(S)there was gross negligence on the part of Tanner.
This being basically a factual case, the issue on appeal is whether the trial court committed manifest error in its conclusions of fact. Wiley v. Travelers Insurance Co., 300 So.2d 555 (La.App. 3 Cir. 1974), writ den. 303 So.2d 187 (La.1974); Vaughn v. Earthly, 313 So.2d 347 (La.App. 3 Cir. 1975), writ den., 318 So.2d 52 (1975).
Therefore, we will briefly review the testimony presented.
Defendant Tanner testified that he was familiar with the intersection of Ar-nould Boulevard and West Congress Street in Lafayette where the accident occurred. He was proceeding east on West Congress Street, a four-lane street. He knew of Lafayette Senior High School on West Congress Street and the city bus stop at the intersection. He had noticed the school crossing signs at the intersection and the speed limit sign of 25 miles per hour on West Congress Street about two blocks south of the intersection. At the time of the accident, there was a light rainfall and the street was wet. He had his windshield wipers on. The accident occurred as the Winnebago was passing a city bus which had come to a stop in the outer righthand lane of travel; the bus was proceeding in the same direction. Tanner further testified that he was traveling between 20 and 25 miles an hour and he did not remember whether he saw a passenger moving inside the bus on his way out of the bus nor did he know whether he looked to see if anyone were getting off the bus. Tanner said he first saw Randy as a blur coming out from the front of the bus; the boy moved from two to four feet before he struck him. Randy was struck by the right corner of the Winnebago.
*830 Officer Gerald W. Lantz, an employee of the Lafayette City Police Department, testified that he investigated the accident in question, arriving at the scene at approximately 11:49 a. m. It was raining and wet. When he arrived at the scene, the Winnebago was partially in the intersection. Randy Babineaux was lying some 21 feet away from the Winnebago and approximately 144 feet from the impact area. The school zone speed was not in effect at the time of the accident, and the speed limit was therefore 35 miles per hour.
Gilford Chaisson testified that he was driving the city bus on the occasion of the accident. Randy Babineaux was a passenger on the bus sitting in the rear. He had come to the front prior to the stop and was standing there waiting to get off. He left from the righthand front door of the bus. He then crossed in front of the bus at a fast walk or “trot”. No one else got off at the stop. Chaisson did not see the Winnebago before the collision. There was no horn blown. After the accident, Chaisson saw Randy Babineaux’s body sliding on the concrete. The Winnebago was also sliding at an angle through the intersection.
Randy Louis Babineaux testified that he was a student at Lafayette High School in the 12th grade. The accident occurred close to noon and Randy was on his way to his first class at 12:30. The accident occurred on West Congress Street in front of the school. Prior to the accident he had been sitting in the back of the bus but he got up and moved to the front before the bus stopped and then walked around in front of the stopped bus. He claimed he looked to the left before crossing but did not see anything. He was walking fast but not trotting. He did not hear a horn prior to the accident. He remained in the hospital 13 days and had an operation for a broken rib and ruptured spleen. He then remained under the doctor’s care for three more weeks and returned to school in November. Randy completed high school by going to summer school the following summer. He has various scars from the accident.
Alvin Doyle, Jr. was accepted by the court as an expert automotive accident consultant. He inspected the accident scene and testified that in his opinion the Winnebago had a probable speed of 45 to 40 miles an hour.
On the basis of the testimony presented the trial court found that Randy Babi-neaux failed to stop and look before crossing in front of defendant Tanner; that Tanner was driving at a lawful rate of speed in his proper lane of travel; and that Tanner could not have avoided the accident. The trial court concluded that the “sole and proximate” cause of the accident was Randy’s failure to stop and look before crossing West Congress Street.
We find that the record amply supports the trial judge’s conclusions of fact. There is no question that Randy was negligent and that his negligence was at least a contributing, and perhaps the sole, cause of the accident. Tanner’s possible negligence presents a closer question but we find no manifest error in the trial court’s resolution of the case.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
Affirmed.

. Although Bandy reached the age of majority during the course of the litigation, he has never been made a party-plaintiff; however, no issue has been made of this omission.