BEER, Judge.
The incident which gives rise to this litigation occurred on February 14, 1972, on old Highway 90 in St. Charles Parish, Louisiana. Suit was filed in behalf of the minor, Lynell Simmons, whose injuries were alleged to have been the result of the negligent operation of a motor vehicle by appel-lee, Butts. The case was originally tried in September of 1975, but the transcription of the testimony was lost and, thus, a new trial granted, so that the matter was retried on October 12, 1977.
Following the new trial, judgment was rendered dismissing plaintiff’s suit, resulting in this appeal.
A determination on our part that the trial court has not manifestly erred in concluding that the driver, Butts, was not negligent or that his negligence, if any, was not a proximate cause of the accident resulting in injuries to Lynell Simmons effectively obviates our need to consider other aspects of this litigation. We turn our attention to that issue.
The record very positively supports certain factual conclusions:
1. Butts was driving on Highway 90 at a rate of speed between 35 and 40 mph.
2. He saw Lynell Simmons on her tricycle with two other children either following very closely behind her or, perhaps, pushing her on the tricycle when he was approximately 200 feet from them.
3. He was proceeding on one side of the road and they were proceeding on the other side of the road so that, at all times pertinent and until the split second before the accident, his automobile would have passed Lynell on her tricycle, and the two children following directly behind her, without any sort of collision.
4. Just at the moment that the Butts’ vehicle was about to pass, Lynell either swerved and pedaled across his path or was pushed and then swerved across his path.
5. Butts — thus confronted — swerved to avoid the accident, but it was too late and *1069 Lynell was struck; the Butts car, then pretty much out of control, went off the road and struck a building located in close proximity.
From these facts, we conclude that Butts, who acknowledges seeing the children 200 feet ahead, had sufficient time to reduce his speed. However, we further conclude that such reduction would not have prevented the accident from taking place since the speed of Butts’ ear was not a proximate cause of this accident. The sole proximate cause of the accident was the negligence of Lynell and/or her playmates, as previously described.
Even were we to conclude that Butts’ negligence was a proximate cause of the accident, the claim in behalf of Lynell would be barred by contributory negligence. Though apparently burdened with a learning disability which reduces her intellectual capacity to some extent, Lynell was 12 years of age at the time of the accident and, thus, legally capable of contributory negligence. We find no basis on the facts before us to apply the restrictive rationale of Baumgartner v. State Farm, 356 So.2d 400 (La.1978), which deals with a pedestrian-automobile situation. We find no basis for the Baumgartner rationale to be extended to cyclists- — whatever type or kind be their mode. To do so, would (as noted by the Chief Justice) provide that drivers of all those type vehicles are charged with a lesser duty to protect themselves than another driver who happens to be operating an automobile. Furthermore, the majority opinion in Baumgartner, adopting the “humanitarian doctrine,” specifically restricts its application to “pedestrian-motorist cases.”
Accordingly, the judgment is affirmed.
AFFIRMED.
GULOTTA, J., dissents.