373 So.2d 162 (1979)
Adam DUFRENE et al.
v.
DIXIE AUTO INSURANCE CO. et al.
No. 63787.
Supreme Court of Louisiana.
June 25, 1979.
*163 Gordon Hackman, Boutte, for plaintiffs-applicants.
Alexander C. Cocke, Jr., New Orleans, for defendants-respondents.
MARCUS, Justice.
Mr. and Mrs. Adam Dufrene and Mr. and Mrs. Ezekiel Simmons, individually and on behalf of their minor child, Lynell Simmons, instituted this action to recover damages sustained as a result of an accident involving an automobile driven by Victor T. Butts. Charity Hospital of New Orleans (insofar as its interest may appear) also joined as a plaintiff. Named defendants were Victor T. Butts, Dixie Auto Insurance Company (alleged liability insurer of Butts) and Tri-State General Agency, Inc. (alleged agent, employee, insurer and joint venturer with Dixie in providing Butts' insurance).
Plaintiffs alleged in their petition that, on February 14, 1972, Butts was operating his automobile on La. Highway 90 when, suddenly and without warning, it left the roadway, struck Lynell Simmons, and collided with Mr. and Mrs. Dufrene's house and fence. As a result of the accident, it was alleged that Lynell Simmons sustained personal injuries and that Mr. and Mrs. *164 Dufrene sustained both personal injuries and property damage to their house and fence. Plaintiffs averred that the accident was caused solely by the negligence of Butts.
Defendants' answers generally denied the allegations of plaintiffs' petition and asserted that the contributory negligence of Lynell Simmons barred recovery by Mr. and Mrs. Simmons. Further answering, Dixie and Tri-State maintained that the liability policy issued by Dixie, through Tri-State, to Butts in the amounts of $5,000 per person and $10,000 per accident had been canceled for nonpayment of premiums prior to the accident involved herein.
The trial court dismissed plaintiffs' suit, finding that Butts was not negligent and that Lynell Simmons' negligence was the proximate cause of the accident.[1] The court of appeal affirmed the judgment of the district court, concluding that Butts was not negligent or, if he was, his negligence was not a proximate cause of the accident. Rather, the sole proximate cause of the accident was the negligence of Lynell Simmons and/or his playmates.[2] On application of plaintiffs, we granted certiorari to review the correctness of this decision.[3]
The evidence adduced at trial establishes the following facts. Victor T. Butts testified that on February 14, 1972, he was driving his automobile in an easterly direction in the right lane of La. 90 (a two-lane highway at that time) at a speed of between thirty-five and forty miles per hour. From a distance of "a couple of hundred" yards away, Butts observed two children pushing a third, Lynell Simmons, on a three-wheel bicycle in the same direction that he was traveling but in the left lane of the highway. As Butts approached the children, he did not slow down but maintained his speed at approximately thirty-five to forty miles per hour. Thereafter, as his vehicle was about thirty feet from the children, Butts observed Lynell Simmons on the three-wheel bicycle turn in front on his automobile. Butts swerved his vehicle to the right in an effort to avoid the collision but nonetheless struck Simmons and then lost control of his automobile, eventually colliding with the Dufrene residence. Lynell Simmons testified that he was eleven years old at the time of the accident. Although he could not remember much about the occurrence, he did indicate that immediately prior to the accident he and his friends were on the paved portion of the left lane and that he was unaware of the oncoming automobile until one of his friends warned him, at which time it was too late to avoid the collision.
The jurisprudence of this state places a high degree of care upon a motorist who sees a child on or near the road and imposes upon him a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, and might suddenly place himself in a position of peril. See Brown v. Liberty Mutual Insurance Co., 234 La. 860, 101 So.2d 696 (1958); Llorens v. McCann, 187 La. 642, 175 So. 442 (1937); Zuber v. Lafourche Parish School Bd., 347 So.2d 1302 (La.App. 1st Cir. 1977); LaCroix v. Middle South Services, Inc., 345 So.2d 136 (La.App. 1st Cir.), writ den., 346 So.2d 716 (La.1977); Kelly v. Messina, 318 So.2d 74 (La.App. 4th Cir. 1975); Ates v. State Farm Mutual Automobile Ins. Co., 191 So.2d 332 (La.App. 3d Cir. 1966).
We are convinced that Butts was negligent in that he failed to exercise the high degree of care required of him under the facts and circumstances here presented.
*165 Although Butts, from several hundred yards away, observed a child being pushed on a three-wheel bicycle by two other children on the paved portion of the left lane, he failed to reduce his speed, sound his horn, or take any other action reasonably designed to anticipate that these children might have been inattentive, unable to appreciate impending danger, or might have suddenly placed themselves in a position of peril. Clearly, his negligent conduct was a proximate cause of the accident. Hence, Mr. and Mrs. Dufrene are entitled to recover for personal injuries and/or property damage, if any, resulting from said accident.
Next, we must consider whether the claims of Mr. and Mrs. Simmons are barred by the contributory negligence of Lynell Simmons. Assuming, without deciding, that Lynell Simmons was contributorily negligent,[4] we nonetheless conclude that the claims of Mr. and Mrs. Simmons are not barred by his negligence as we consider that Butts had the last clear chance to avoid the accident.
Under Louisiana jurisprudence, an operator of a motor vehicle or heavy equipment who observes, or who should by the exercise of reasonable care have observed, a pedestrian in a position of peril of which the latter is apparently unaware, is responsible for injuries caused when his vehicle strikes the pedestrian in his path, despite any contributory negligence on the part of the latter; providing that, after the duty to make such observation arose, the operator could reasonably have avoided the accident. Pierre v. Landry, 341 So.2d 891 (La. 1977); Guilbeau v. Liberty Mut. Ins. Co., 338 So.2d 600 (La.1976); Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958); Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Rottmann v. Beverly, 183 La. 947, 165 So. 153 (1936).
Butts observed, from a distance of several hundred yards, Lynell Simmons and his companions in a position of peril (I. e., two children pushing a third on a three-wheel bicycle on the paved portion of the left lane of the highway) and obviously unaware of the approach of Butts' vehicle. However, Butts took no action at all to avoid the accident until, from a distance of approximately thirty feet, he saw Lynell Simmons on the three-wheel bicycle turn in front of his automobile. It is apparent that, after Butts initially observed the children in a position of peril, he could have reasonably avoided the accident by taking the appropriate measures (e. g., slowing down his automobile or sounding his horn to alert the children to his presence).
In sum, we find that Butts negligently caused the accident; therefore, Mr. and Mrs. Dufrene are entitled to recover damages, if any, resulting from the accident. Moreover, even assuming the contributory negligence on the part of Lynell Simmons, the claims of Mr. and Mrs. Simmons are not barred by his negligence because Butts had the last clear chance to avoid the accident. Hence, the court of appeal erred in dismissing plaintiffs' action.
As previously noted, Dixie and Tri-State contend that the liability policy issued by Dixie, through Tri-State, to Butts in the amounts of $5,000 per person and $10,000 per accident had been canceled for nonpayment of premiums prior to the accident involved herein. As the court of appeal affirmed the judgment of the trial court dismissing plaintiffs' action based upon its findings as aforesaid, it did not address this *166 issue nor determine the amount of plaintiffs' recovery, if any. We therefore consider it more appropriate to remand the case to that court for it to determine and decide these issues.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views herein expressed.
SUMMERS, C. J., dissents for the reasons assigned by the Court of Appeal. 364 So.2d 1067.
NOTES
[1] This was a retrial of the case. As the transcript of the proceedings of the original trial could not be prepared because the court reporter destroyed her notes, plaintiffs moved and the court of appeal ordered that the case be remanded to the district court for either a preparation of a narrative of facts in accordance with La.Code Civ.P. art. 2131 or for a retrial pursuant to La.Code Civ.P. art. 2161, whichever plaintiffs elected. Plaintiffs elected to have the matter retried. It was so ordered by the district court. Hence, it is the record of the retrial that is now before us for review.
[2] 364 So.2d 1067 (La.App. 4th Cir. 1978).
[3] 367 So.2d 390 (La.1979).
[4] It is well settled that the contributory negligence of a child is not measured by the standard of self-care expected of an adult but rather only by the self-care expected of a child of his age, intelligence, and experience under the particular circumstances presented to him. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958); Arata v. Orleans Capital Stores, 219 La. 1045, 55 So.2d 239 (1951); see also Brantley v. Brown, 277 So.2d 141 (La.1973). In the instant case, Lynell's mother, Mrs. Ezekiel Simmons, testified that Lynell was a "slow learner" who was enrolled in a special education school. During trial, plaintiffs' counsel made a proffer of the records of the school Lynell attended, allegedly showing his "mental capacity" during the years he attended school; these records, however, were not admitted in evidence. Our resolution of this issue renders it unnecessary to pass upon the question of Lynell Simmons' contributory negligence (if any).