390 So.2d 512 (1980)
James BUCKLEY et al.
v.
EXXON CORPORATION et al.
No. 67532.
Supreme Court of Louisiana.
November 10, 1980.
*513 C. Allen Bradley, Jr., Evans, Bradley & Wallace, DeRidder, for plaintiffs-applicants.
Richard A. Chopin, Nelson W. Wagar, III, New Orleans, William E. Hall, Jr., Hall, Lestage & Lestage, DeRidder, for defendants-respondents.
MARCUS, Justice.
James and Earline Buckley, individually and on behalf of their minor child, Joel Buckley, instituted this action to recover damages sustained as a result of an accident involving a tractor-trailer truck driven by Gilbert L. Royer. Named defendants were Gilbert L. Royer and Exxon Corporation, his employer. After a trial by jury, a special verdict was returned finding that Royer was not negligent, or if he was, his negligence was not a proximate cause of the accident.[1] The trial judge rendered judgment in accordance with the verdict in favor of defendants and against plaintiffs dismissing plaintiffs' suit at their cost. The court of appeal affirmed in an opinion not designated for publication. On plaintiffs' application, we granted certiorari to review the correctness of that decision.[2]
The evidence adduced at trial established the following facts. On Saturday morning, April 2, 1977 Gilbert L. Royer, an employee of Exxon acting within the course and scope of his employment, was driving a truck owned by Exxon on Mahlon Street, one of the main thoroughfares in DeRidder, Louisiana. Traffic moves one way in a westerly direction on the street which contains two traveling lanes and a parking lane on the north side of the road. The weather was clear and dry at the time. The truck driven by Royer was an 18-wheel tractor-trailer truck measuring fifty feet in length and weighing about 80,000 pounds because of its load of diesel fuel. Royer was on his way to deliver fuel to Hyde's Bulk Exxon Plant which is located on the south side of Mahlon Street. It was Royer's practice on Saturdays to park his truck in the parking lane and then walk across Mahlon Street to unlock the plant's entrance gate which was always locked on weekends.
At approximately 9:30 a. m., Joel Buckley, the seven-year-old son of Earline Buckley, was riding his bicycle accompanied by his older sister, Scherrell Lewis, age 10, and his older brother, Purvis Lewis, age 9. Joel was small for his age, weighing only about 32 pounds. He was an inexperienced poor bike rider. The children left their home on Mahlon Street to ride around the block. As they approached the corner of Mahlon and Branch Streets, they stopped briefly. At this location, Mahlon Street is slightly downgrade as one heads westward. Scherrell began riding her bike in a westerly direction on the unpaved dirt and grass footpath located two to three feet from the curb adjacent to the parking lane on the north side of Mahlon Street. Purvis got off his bike and pushed Joel and his bike to help get his younger brother going. Joel initially wobbled and had trouble reaching *514 the pedals with his feet but soon straightened up and headed down the footpath behind his sister. The grass along the shoulder of the road was wet.
At this time, Royer approached the intersection of Mahlon and Branch Streets. In preparation for parking his truck in the parking lane, Royer illuminated his emergency flashers, began braking his truck and moved his truck toward the right into the parking lane. He stated that he saw the children riding their bikes on the footpath as he passed Branch Street but did not perceive any child to be in danger. He further testified that at the time the cab of his truck passed the children, he was about two to three feet from the curb and moving at about 15 miles per hour. He continued to slow down and move into the parking lane and he diverted his attention from the children to look for traffic on the driver's side and behind his vehicle. It was not until he brought his truck to a complete stop about six inches from the curb that he realized that there had been an accident involving his truck and one of the children.
As Scherrell and Joel were heading down the footpath on their bikes, the cab of the truck came up from behind and moved toward the curb and the children. Although Joel's deposition is not entirely clear regarding what portion of the truck passed him at this time, both Joel and Scherrell testified at trial that before the accident only the cab of the truck went past them. Scherrell stated that the truck was loud and it scared her. She further testified that she slowed down, got off her bike and looked back and saw Joel fall under the truck. She then hollered at the truck driver because she thought the truck was going to hit her brother Joel. Although Royer testified that his air brakes, which make a hissing sound when pumped or released, did not make any noise, all the children testified that they heard a hissing sound. Joel testified that the noise scared him, and when he tried to apply his brakes, he lost control of his bike. The bike toppled over on him and skidded on the wet grass into the street under the rear wheels of the truck. Both of Joel's legs were injured in the accident.
La.Civ. Code art. 2315 provides in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
La.Civ. Code art. 2316 further directs:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Under these articles, the elements of a cause of action are fault, causation and damage. Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Weiland v. King, 281 So.2d 688 (La.1973).
The jurisprudence of this state places a high degree of care upon a motorist who sees a child on or near the road and imposes upon him a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, and might suddenly place himself in a position of peril. Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La.1979), and cases cited therein.
We are convinced that Royer was negligent in that he failed to exercise the high degree of care required of him under the facts and circumstances here presented. Although Royer observed the young children on bicycles along the side of the road, he began pulling his tractor-trailer into the parking lane toward the children. He continued to move his truck toward the curb even though Joel and Scherrell were at most six feet from the cab of his truck when he passed them from behind. Although Royer was driving slowly as his cab passed them, he was still moving his truck ever closer to the curb and the children. He failed to take any action designed to anticipate that the children might become frightened by the huge truck approaching them in such close proximity and, due to their limited experience and judgment, suddenly *515 place themselves in a position of peril. Clearly, Royer's actions were unreasonable under the circumstances. He should have either slowed down sooner and come to a complete stop in the parking lane before reaching the children or not made the stop while the children were located where they were.
We further find that Royer's negligence was the sole proximate cause of the accident. The evidence is clear that both Joel and Scherrell became scared when the huge truck moved toward them. Joel's fright of the approaching truck caused him to lose control of his bike and skid off the shoulder of the road into the parking lane under the wheels of the truck.
Because Royer's negligence caused the accident, he is liable to plaintiffs for damages resulting from the accident. Exxon Corporation is also liable for damages because the accident occurred while Royer was acting within the course and scope of his employment with Exxon.
Accordingly, the jury was clearly wrong in finding that Royer was not negligent or, if he was, his negligence was not a proximate cause of the accident. The court of appeal erred in affirming the judgment of the trial court dismissing plaintiffs' action. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
As the court of appeal affirmed the judgment of the trial court dismissing plaintiffs' action, it did not address the issue of quantum. We therefore consider it more appropriate to remand the case to that court for it to determine the amount of plaintiffs' recovery.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views herein expressed.
NOTES
[1] During trial, defendants raised the peremptory exception of no right of action of James Buckley to bring this action on behalf of Joel Buckley because Joel Buckley was born fourteen months prior to the dissolution of an earlier marriage between his mother, Earline Buckley, and Purvis Lewis and no action to disavow paternity had been filed. Based on a joint stipulation of these facts and no objection by counsel for James Buckley, the trial judge sustained the exception and dismissed James Buckley from the lawsuit; Earline Buckley remained a party plaintiff to assert the claims made in the petition.
[2] 385 So.2d 265 (La.1980).