GARRISON, Judge.
This is an appeal from a judgment of the district court rendered in accordance with a unanimous jury verdict finding the defendant not negligent and dismissing plaintiff’s case. From that judgment, which we affirm, plaintiffs appeal.
On August 26,1977, Mrs. Helen Nash and the minor child, Ricky Ordon, were involved in an auto-pedestrian accident. As a result of that accident, the minor suffered permanent brain damage and incurred over a hundred thousand dollars in medical bills.
It is admitted by all parties that the minor child, who was playing ball, ran into the street and into the path of the vehicle while attempting to retrieve the ball.
On appeal, plaintiffs allege that the jury erred in failing to find defendant negligent for:
1. Failing to stop her automobile prior to the accident when she had seen children playing in the area.
2. Failing to blow her horn as a warning.
3. Traveling at an excessive rate of speed.
4. Failing to keep her vehicle under control.
Defendant testified that as she approached the group of children, they disbursed and moved away from the street area. She further testified that she was traveling at a slow rate of speed, 15 to 20 miles per hour, immediately prior to the accident. That testimony was corroborated by Loretta Johnson, the only adult non-party witness. Loretta Johnson is the mother of Darrin “Sam” Johnson and Gordon Johnson, two boys who were involved in the ball game. Loretta Johnson further testified that the car was traveling at a low rate of speed, approximately 20 miles per hour and that she heard Mrs. Nash apply the brakes.
Counsel for plaintiffs cite the case of Buckley v. Exxon Corp., 390 So.2d 512 (La.1980). In Buckley the truck driver, attempting to park his truck, moved his vehicle dangerously close to a 7-year old bike rider, frightening the boy and causing him to lose his balance and fall beneath the truck. In discussing the truck driver’s negligence, the court further stated:
“Although Royer was driving slowly as his cab passed them, he was still moving his truck ever closer to the curb and the children. He failed to take any action designed to anticipate that the children might become frightened by the huge •truck approaching them in such close proximity and, due to their limited experience and judgment, suddenly place themselves in a position of peril. Clearly, Royer’s actions were unreasonable under the circumstances. He should have either slowed down sooner and come to a complete stop in the parking lane before reaching the children or not made the stop while the children were located where they were. *1113 “We further find that Royer’s negligence was the sole proximate cause of the accident. The evidence is clear that both Joel and Scherrell became scared when the huge truck moved toward them. Joel’s fright of the approaching truck caused him to lose control of his bike and skid off the shoulder of the road into the parking lane under the wheels of the truck.
“Because Royer’s negligence caused the accident, he is liable to plaintiffs for damages resulting from the accident.” At 514-515. (Emphasis supplied)
We find that Buckley is not controlling in the instant appeal. We do not interpret Buckley as meaning that a vehicle must stop whenever there are children on a parallel sidewalk or adjoining lawn. Likewise, we do not find that Mrs. Nash should have sounded her horn in light of the fact that the children had already left the area of the street. Lastly, we agree with the finding of the jury that Mrs. Nash maintained control of her vehicle at all times.
For the reasons discussed the judgment of the district court is affirmed.
AFFIRMED.