STOKER, Judge.
This is a wrongful death suit instituted by plaintiffs-appellants, Norward Lee and Ruby Watson, to recover damages for the death of their son, James Lee, who was struck and killed by a truck driven by defendant-appellee, Eddie Lee Hartford (Hartford) while employed by Lieux Chevrolet Company, Inc. Lieux Chevrolet and Liberty Mutual Insurance Company, the owner and insurer of the truck, respectively, were also made defendants in this case. Trial of this matter was held in the Twelfth Judicial District Court on May 19 and 20, 1981. The jury found that Hartford was not negligent and returned a verdict in favor of the defendants. Plaintiffs appeal this judgment. We affirm.
The only issue on appeal is whether the trial court erred in determining that Hartford was not negligent.
FACTS
On April 16, 1980, at approximately 3:00 PM on a clear day, Hartford was driving a 1975 Chevrolet truck west on Yellow Bayou Road located just outside the town of Simmesport, Louisiana. Yellow Bayou Road is a narrow rural road, black-topped but unelevated, and used by most drivers as a single lane road. The portion of the road on which the accident occurred is straight with numerous residences south of the road and a small grassy area located three to five feet from the north side of the road. Three young children, ages 2 to 4, were playing in this grassy area as evidenced by an area of mashed-down weeds located a few feet from the road and separated from the road by more weeds. (Tr. 206) The area was just east of a bridge on Yellow Bayou Road which crossed a deep ditch. As Hartford crossed this bridge traveling west, the three children emerged from the weeds. The three and four year old apparently stopped on the shoulder of the road, but the two year old, plaintiffs’ son, darted across the road and was hit by Hartford’s vehicle. (Tr. 162, 248)
Plaintiffs seek to have this Court review the facts without reference to the manifest error rule, relying on the standard of review set forth in Billiot v. Bourg, 317 So.2d 684 (La.App. 1st Cir. 1975). However, this standard of review was rejected by the Louisiana Supreme Court decision of this case on appeal in which the judgment of the Court of Appeal was set aside. 338 So.2d 1148 (La.1976). It is clear that we cannot disturb the trial court’s finding, if supported by a reasonable factual basis, in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973).
Plaintiffs’ main argument is that the jury failed to apply the correct standard of law in reaching its verdict. A motorist who sees a child on or near the road is subject to a high degree of care and a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, and might suddenly place himself in a position of peril. Buckley v. Exxon Corporation, 390 So.2d 512 (La.1980); and Dufrene v. Dixie Auto Insurance Company, 373 So.2d 162 (La.1979). However, while a motorist who sees or should see children near the roadside must exercise a high degree of care, he is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and is obeying all the rules of the road as to proper lookout, he will not be held liable when a child suddenly darts or runs into his path from a concealed position. Raphile v. Alexander, 315 So.2d 836 (La.App. 4th Cir. 1975); and Vaughn v. Earthly, 313 So.2d 347 (La.App. 3rd Cir. 1975), writ refused, 318 So.2d 52 (La.App.1975).
Plaintiffs point out that Hartford was familiar with Yellow Bayou Road, and knew that young children lived and played along the road. (Tr. 78) Plaintiffs also rely heavily on Hartford’s statement to a bystander immediately after the accident *706 that he saw the first two children but did not see the third child until it was too late and that he threw on the brakes and tried to avoid hitting that child, but was unable to do so. (Tr. 133-134) Plaintiffs contend that Hartford was under a high duty of care because he saw or should have seen these children on the side of the road.
The evidence produced at trial indicated that Hartford was traveling between 32 and 40 mph in a 55 mph zone when the accident occurred. (Tr. 160, 229, 245) There was also substantial evidence before the jury that the children were hidden from Hartford’s view by the bridge or the weeds, and that Hartford was unable to stop his vehicle from hitting James Lee by the time he saw the child or his playmates. The jury could have reasonably found that Hartford was traveling at a lawful and reasonable speed and was maintaining a proper lookout, but that the accident was unavoidable because James Lee suddenly darted onto the road from a concealed position. Therefore, finding no manifest error, we will not disturb the trial court’s findings.
AFFIRMED.