427 So.2d 68 (1983)
Jessie GIBSON
v.
FAUBION TRUCK LINES, INC. and Travelers Insurance Company.
No. CA-0249.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
*69 Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for plaintiff-appellant.
James Ryan, III, Henry E. Yoes, III, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendants-appellees.
R. Henry Sarpy, Jr., Clare V. Holden, Jones, Walker, Waechter, Poitevant, Carrere & Denegre, New Orleans, for intervener.
Before BARRY, KLEES and CIACCIO, JJ.
BARRY, Judge.
Plaintiff was injured when a wooden ramp broke while he was unloading produce from a truck. He originally sued for workmen's compensation and his employer, Faubion Truck Lines, Inc. and its compensation carrier, Travelers Insurance Company, filed a third party demand against the owner of the loading dock, Guerico & Sons, Inc. and its insurer, United States Fidelity and Guaranty Company. Plaintiff amended his petition to include a tort claim against Guerico. The Trial Judge found plaintiff totally and permanently disabled and dismissed the tort claim. Plaintiff appeals his tort suit which Faubion and Travelers support by brief.[1]
Plaintiff worked on a Faubion truck as an "unloader." On the accident day the truck made a couple of stops prior to arriving at Guerico's. The primary loading dock for Guerico requires the truck to back up to *70 the dock. Guerico provides a steel ramp from the dock to the truck for a forklift to enter the truck and remove pallets of produce. Unloading is also accomplished at a side dock where the truck driver pulls parallel and as close as possible and produce is hand removed through a side door.
On the day of the accident unloading was done through the side door. The driver positioned the truck 12 to 18 inches from the dock and plaintiff procured a piece of plywood to use as a ramp between the dock and truck. While plaintiff was unloading a carton of melons the ramp broke causing him to fall. He finished the day's work, but two days later he went to Charity Hospital Emergency were he was given pain medication and told to rest. He continued to return to Charity and more than four months after the accident a myelogram was performed. One month later he had a laminectomy for a ruptured disc. Dr. Roy Haddad, an orthopedic surgeon, testified plaintiff was 25-30% disabled and 100% disabled as an "unloader."
Plaintiff's appeal contends the Trial Judge erred by failing to find Guerico and its insurer liable based on strict liability and negligence.

STRICT LIABILITY
Plaintiff claims Guerico is strictly liable under LSA-C.C. Art. 2317 for providing him a wooden ramp that was unreasonably dangerous for normal use, citing Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La. 1981).
LSA-C.C. Art. 2317 provides in pertinent part:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...."
For plaintiff to recover under this provision he is required to prove 1) that the thing that caused the damage was in the care or custody of the defendant, 2) that the thing had a vice or defect, i.e., it occasioned an unreasonable risk of injury to another, and 3) that his injury was caused by the defect. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980), Loescher v. Parr, 324 So.2d 441 (La.1975).
While the first requirement was not specifically addressed by the Trial Judge, in written reasons he stated: "This Court is unable to find a legal relationship between plaintiff and defendant, R. Guerico and Sons, Inc. which would make defendant responsible for the safety of that piece of plywood upon which plaintiff chose to walk." Obviously the Trial Judge concluded that plaintiff secured the plywood on his own and not from or at the direction of a Guerico employee. Only plaintiff testified he procured the piece of plywood on instructions from someone at Guerico. In fact, plaintiff's witnesses testified that had not viewed such an occurrence. In addition, Guerico's witnesses stated the only ramps it ever furnished were metal ramps used to unload from the rear of the truck. Mr. Guerico said wooden ramps were never used and no ramps (metal or wooden) were furnished when unloading through the side door. One of Guerico's witnesses did testify that occasionally there was plywood on the premises, but he recalled it was too large for this purpose. There was also testimony that sometimes pieces of broken pallets were around, but plaintiff testified the wood was not from a pallet.
The Trial Judge's factual determination will not be disturbed in the absence of manifest error and this rule is particularly applicable when there is conflicting testimony. Here there is abundant evidence for a reasonable, factual basis for the trial court's conclusion. We find plaintiff not only failed to prove custody or ownership of the plywood, he has not shown a defect, i.e., that the "ramp" occasioned an unreasonable risk. We reach this latter conclusion because the evidence does not establish that the plywood was intended or could have been anticipated by Guerico to be used as a ramp, a fact which must be shown before concluding the "thing" presented an unreasonable risk of injury. Even though the *71 plywood broke the record does not establish where it came from nor that its use by plaintiff was "normal" or expected. Accordingly, strict liability is inappropriate.
Even if strict liability were applicable, under these circumstances Guerico is exonerated by plaintiff's own fault (victim fault) as discussed above.

NEGLIGENCE
Plaintiff contends the Trial Judge erred by failing to find Guerico negligent under LSA-C.C. Arts. 2315 and 2316.[2] He argues Guerico breached a legal duty by failing to provide a reasonably safe unloading ramp, and the breach of that duty was the cause in fact of the accident. We disagree. A finding of negligence is subject to the manifest error standard of appellate review and there is no basis to reverse the lower court's finding.
Under Articles 2315, 2316 plaintiff must prove fault, causation, and damages. Buckley v. Exxon Corp., 390 So.2d 512 (La.1980). For alleged wrongful conduct to be actionable negligence it must first be found to be a cause in fact of the resulting injuries. Defendant's conduct need not be the sole cause of the harm but it must be a necessary antecedent. Stated another way, if plaintiff can show he probably would not have suffered damages, absent defendant's conduct, he has carried his burden of proving cause in fact. As stated above, this record does not establish that Guerico furnished the wood that broke.
Therefore, did Guerico breach a legal duty by not providing a ramp for side loading? Whether a legal duty is owed to another depends on the facts and circumstances of each case and the relationship of the parties. Generally, a legal duty is the obligation to conform to the standard of conduct of a reasonable man under like circumstances, i.e., did Guerico act as a reasonable man in view of the probability of injury to others. Buckley, supra, Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976). According to Guerico's witnesses, it never assumed the responsibility of furnishing ramps to unload through the side doors of trucks. Apparently Guerico felt it was unnecessary because the driver could pull the truck very close to the dock. (The close proximity is shown by the photographs in the record.) Plaintiff's witnesses, on the other hand, said that Guerico normally furnished ramps for side door unloading. This conflict was resolved by the Trial Judge in defendant's favor and we find no basis to disagree. Plaintiff did not present sufficient evidence to establish that furnishing of ramps for side unloading was either the custom of the industry or Guerico, and we are not persuaded to hold that such should be required as a matter of law. Accordingly, we find Guerico acted reasonably under the circumstances and did not breach a legal duty to the plaintiff.
ACCORDINGLY, the judgment of the trial court is affirmed with plaintiff to pay all costs.
AFFIRMED.
NOTES
[1] Faubion and Travelers appeared in the lower court as defendants-third party plaintiffs. Their appellate brief characterizes their position as "intervenor"; however, no intervention was filed.
[2] LSA-C.C. Art. 2315 provides in part:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
LSA-C.C. Art. 2316 states:
"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."