496 So.2d 1346 (1986)
Dianne JEANSONNE, et al., Plaintiffs-Appellees,
v.
Barbara CORBETT, et al., Defendants, and
Wausau Insurance Company, Defendant-Appellant.
No. 85-1140.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Michael W. Fontenot, Lafayette, for defendant-appellant.
Chris J. Roy & Robert Harrington, Alexandria, for plaintiffs-appellees.
Stafford, Stewart and Potter, Larry Stewart, Alexandria, for defendant-appellee.
Before GUIDRY, DOUCET and KING, JJ.
GUIDRY, Judge.
Plaintiff, Dianne Jeansonne, instituted this action against Barbara and Patrick Corbett, the Corbetts' insurer, Sentry Indemnity Company (Sentry), and Wausau Insurance Company[1] (Wausau), plaintiff's UM carrier, for damages sustained by her minor son, Travis Johnson, in an automobile-bicycle collision. Defendants answered and asked for a jury trial.
Prior to the date of trial, plaintiff settled with the Corbetts and Sentry for the sum of $48,000.00, $2,000.00 less than Sentry's policy limits of $50,000.00. On the day of trial, June 4, 1985, plaintiff filed an amended petition and moved for a dismissal as of non-suit as to the Corbetts and Sentry. The trial court dismissed this suit as to those defendants with prejudice, leaving only Wausau as the remaining defendant.
In her amended petition, plaintiff reduced her demands against Wausau to the sum of $9,999.00, a sum below the jurisdictional amount that allows for a civil jury trial. La.C.C.P. art. 1732. The matter thereafter proceeded to trial before the judge alone.
*1347 The trial court rendered judgment in favor of plaintiff and against Wausau for the sum of $9,999.00, together with legal interest and costs. The trial judge found Barbara Corbett to be 80% at fault and the minor, Travis Johnson, 20% at fault. The trial court did not reduce plaintiff's award by 20%, reasoning that the evidence, allowed over Wausau's objection, reflected that the total damages sustained by Travis were far in excess of the policy limits provided by Sentry and Wausau.
Wausau suspensively appealed urging that:
1. the trial court erred in overruling its exception of no cause of action;
2. the trial court erred in allowing plaintiff to present evidence of damages in excess of plaintiff's claim, i.e., $9,999.00;
3. the trial court erred in its finding that Barbara Corbett was at fault; and,
4. the trial court erred in making adjudicatory statements prior to the completion of the trial.

FACTS
The accident in question occurred at around noon on July 12, 1982, in a rural area of Rapides Parish. At that time, 9½ year old Travis Johnson was riding his bicycle up and down a private dirt and gravel lane which forms a T intersection with Credeur Road, a public blacktop highway. At about this time, Barbara Corbett and her two small children were traveling west on Credeur Road in Barbara's 1976 Ford automobile. Travis suddenly emerged from the lane on his bicycle into the path of Barbara's automobile. The two collided, causing Travis to be thrown from his bicycle onto the hood of the car and then onto the shoulder of the eastbound lane of Credeur Road. Travis sustained serious injuries as a result of the accident, including multiple broken bones, abrasions and contusions.

BARBARA CORBETT'S NEGLIGENCE
The first issue which we discuss is the trial court's finding that Barbara Corbett was 80% negligent in the instant case.
We recognize that a trial court's determination of fault is a factual finding which cannot be disturbed on appeal in the absence of clear or manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984). However, in the instant case, we find that the trial court's finding was clearly wrong.
The evidence at trial indicates that Barbara was driving between 30 to 35 mph on Credeur Road which has a speed limit of 45 mph. The accident site is a sparsely populated rural area in Rapides Parish near Pineville. Barbara had lived in that area for approximately two weeks, and although she had observed children playing in the area on prior occasions, there were no children playing in the vicinity on the day of the accident. Barbara testified that it was a clear day and that she could see approximately 200 feet in front of her. Barbara stated that she did not see Travis until he was upon her and, at that time, she impulsively turned her vehicle to the left, away from Travis.
Travis testified at trial that he was riding his bike at a medium rate of speed towards Credeur Road. He stated that, as he neared Credeur Road, he heard a car approaching from his left and as he braked his bicycle, he and the bike slid in the gravel and out onto the road. Travis testified that he didn't see the Corbett vehicle until he made contact with it. Travis was unsure as to how far onto the road his bike actually traveled before being hit, but thought that it was more than two feet onto the blacktop.
The only other evidence presented at trial, pertaining to the accident, was the testimony of Trooper James Robert Craig who investigated the accident. Trooper Craig testified regarding the physical evidence at the accident site. He stated that the point of impact occurred between 7 to 10 feet onto the roadway in the west bound lane. There were tire marks on the roadway just before the point of impact which seemed to indicate that Barbara Corbett veered to the *1348 left just before the automobile and bicycle collided. The Corbett vehicle did not hit the bicycle head-on, but instead hit the bicycle just under its seat with the extreme right portion of the front bumper. Trooper Craig also noted that the view, of one traveling west on Credeur Road, of the lane upon which Travis was riding, is obstructed by a large group of bushes, shrubbery and a plank fence. There is a clearing from the end of the fence to the paved road a distance of approximately 17 to 19 feet. It was also brought out at trial that a car traveling 30 mph travels 44 feet per second and that the reaction time for an average driver is three-quarters of a second.
In finding Barbara Corbett to be 80% at fault in the accident, the trial court set forth the following in his written reasons for judgment:
"Mrs. Corbett traveled this road on a regular basis and was well aware of the children in the area and that on occasions some rode three wheelers on and beside the road. This knowledge magnifies her duty owed to the known children in this area."
The law applicable to the instant situation was set forth by this court in Lee v. Hartford, 411 So.2d 704 (La.App. 3rd Cir. 1982), as follows:
"... A motorist who sees a child on or near the road is subject to a high degree of care and a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, and might suddenly place himself in a position of peril. Buckley v. Exxon Corporation, 390 So.2d 512 (La.1980); and Dufrene v. Dixie Auto Insurance Company, 373 So.2d 162 (La.1979). However, while a motorist who sees or should see children near the roadside must exercise a high degree of care, he is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and is obeying all the rules of the road as to proper lookout, he will not be held liable when a child suddenly darts or runs into his path from a concealed position. Raphile v. Alexander, 315 So.2d 836 (La. App. 4th Cir.1975); and Vaughn v. Earthly, 313 So.2d 347 (La.App. 3rd Cir. 1975), writ refused, 318 So.2d 52 (La. 1975)."
The trial court in the instant case erred in holding Barbara Corbett to a higher duty of care with respect to Travis Johnson. There is no evidence that children were playing in the area on the day of the accident. Barbara did not see Travis riding his bicycle down the private lane toward Credeur Road and the record reflects that she could not have seen him because of physical obstructions lining the private lane until it was too late to avoid striking him. Barbara was driving well within the speed limit and was apparently attentive to her driving, as evidenced by her quick reaction in turning her vehicle to the left at or just prior to the point of impact.
Therefore, since Barbara did not know or have reason to know that Travis was riding his bicycle in the vicinity of Credeur Road, her duty was simply to use ordinary care and caution in the operation of her vehicle. There is no evidence in the record to even suggest that she operated her vehicle that day without such ordinary care and caution.
In his written reasons for judgment, the trial judge also stated that:
"The photographs clearly show a considerable distance of clear view from the corner of the fence that runs down the lane from which Travis emerged, giving Mrs. Corbett more than ample time to detect his presence and take the necessary precaution to avoid this accident. I am of the opinion that her attention was either directed towards the young children she had in the car with her or she was just not paying attention."
The trial judge's finding in this respect is not supported by the evidence in the record.
To begin with, there was absolutely no evidence which would support the trial court's finding that Barbara was inattentive. He apparently reached this conclusion *1349 as a result of Barbara's testimony that she did not see Travis until the moment of impact. However, the physical findings, with regard to the accident site, as set forth by Trooper Craig and as reflected by several photographs in evidence, fully explain why Barbara did not see Travis prior to the accident. The "considerable distance" of which the trial judge spoke was from 17 to 19 feet. Traveling at a rate of 30 or 35 mph, Barbara had less than one-half second to see Travis emerge from the lane and react accordingly. This can hardly be considered "ample time to detect his presence and take the necessary precaution to avoid the accident".
For these reasons, we conclude that Barbara Corbett was without fault, the accident being the unavoidable consequence of Travis sliding onto the road from a concealed position.[2] Our conclusion in this regard renders the other issues raised by appellant moot.

DECREE
For the above and foregoing reasons, the judgment of the trial court in favor of plaintiff, Dianne Jeansonne, and against defendant, Wausau Underwriters Insurance Company, is reversed and set aside and it is hereby ordered, adjudged and decreed that there be judgment in favor of Wausau Underwriters Insurance Company, dismissing plaintiff's claims against it.
Costs at the trial level and on appeal are assessed against plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] In its answer to plaintiff's petition, Wausau set forth its correct name as being Wausau Underwriters Insurance Company.
[2] For other cases involving similar child-darting situations, see Wille v. New Orleans Public Service, 320 So.2d 288 (La.App. 4th Cir.1975); Vaughn v. Earthly, 313 So.2d 347 (La.App. 3rd Cir.1975), writ denied, 318 So.2d 52 (La.1975); LeBoeuf v. McCoy, 273 So.2d 580 (La.App. 1st Cir.1973).