## JOHN O'BRIEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 2, 1914.

Nos. 18,715—(229).

**Damages not excessive.**

In an action by a railway switchman 29 years old, with an earning capacity of $105 a month, a verdict for $2,050 for injuries consisting of the loss of two teeth, a serious ankle sprain, aggravation of appendical trouble, and alleged injury to the back, sustained as against the contention that it was excessive.

Action in the district court for Anoka county to recover $21,000 for injury received while employed by defendant as a switchman. The case was tried before Giddings, J., and a jury which returned a verdict for $2,050 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelwright & Dille* and *C. M. Bracelen,* for appellant.

*Thomas D. Schall, T. D. Sheehan* and *B. C. Thayer,* for respondent.

PHILIP E. BROWN, J.

On April 16, 1913, plaintiff, aged 29 years, a switchman in defendant's employment, fell from a defective car, on his back, across a steel rail. Defendant conceded liability, and the jury fixed the damages at $2,050. The sole claim is that this was excessive.

Plaintiff suffered the loss of two teeth and an ankle sprain from

[1] Reported in 148 N. W. 893.

which he had nearly recovered at the time of the trial, six months later. In addition it appeared that shortly after the accident he was seriously sick in his stomach and, symptoms of appendicitis thereafter developing, an operation disclosed that the organ was diseased prior to the accident, but the evidence was concededly sufficient to warrant a recovery for aggravation of such condition from the fall. The value of the physician's services for the operation was $200. At the time of the accident plaintiff was earning $105 a month, and he claimed an injury to his back which, according to the physicians testifying in his behalf, would prevent him from performing hard labor for from 8 to 12 months after the trial. The evidence warranted the jury in finding that plaintiff's back was weak and painful at the time of the trial, rendering it necessary for him to continue to wear an elastic bandage which had been procured for him at the suggestion of and by one of defendant's surgeons. Defendant grounds its claim of excessiveness almost entirely upon the testimony of its medical witnesses that plaintiff's sufferings, if any, in his back, were attributable to his having a natural condition known as double flat foot, that is flatness of both feet, easily remediable simply by use of a support for the arches of the feet, which would relieve the trouble and enable plaintiff to go to work at once. The testimony of these witnesses as to the condition of plaintiff's feet is not disputed and must be taken as true; but the jury were not required to accept as correct their conclusions as to the cause of his suffering, for one of them admitted that rigidity of the muscles of plaintiff's back, which the testimony tended to show still existed, could not be referred to the condition of the feet, and accounted therefor on the theory that it was feigned, which, of course, made a question for the jury. Moreover, it did not appear that plaintiff had suffered any pain, illness or inconvenience prior to the accident.

In actions for personal injuries there is necessarily much uncertainty respecting the nature and character of the injury complained of, which, together with the damages, must, as a rule, be left to the jury and trial court.

We find no occasion for interference with the verdict.

Order affirmed.