(90 South. 563)

No. 23938.

## LONG v. AMERICAN RY. EXPRESS CO., Inc.

(June 15, 1921.   Rehearing Denied Oct. 4, 1921.   On Rehearing, Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations**  ⬤⟿808(2)—**Negligence to leave obstructions on grassed plot between paved part of sidewalk and curb.**

On a street where concrete part of sidewalk extended 10 feet from property line and there was a grassed part 4 feet wide between concrete and curb, a boy was entitled to walk and run on the grassed portion in the nighttime, and it was negligence to leave an obstruction thereon during the night, into which the boy ran and was injured.

### On Rehearing.

2. **Damages**  ⬤⟿132(15)—**Five hundred dollars for loss of teeth held insufficient, and increased to $1,500.**

Five hundred dollars damages was inadequate to a boy 10 years of age, who had his

two upper teeth knocked out, and increased to $1,500.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Action by George P. Long against the American Railway Express Company, Inc. Judgment for plaintiff, and defendant appeals. Judgment increased and affirmed.

H. C. Leake and A. A. Moreno, both of Moreno, for appellant.

Julius T. Long, of Shreveport, for appellee.

PROVOSTY, J. A scale on wheels, consisting of a platform and an upright post and an arm at the top of the post extending at right angles from the platform, was left by the defendant company on the sidewalk opposite its office in the town of Winnfield. The plaintiff's 10 year old son, coming in contact with it in the dark, had his two upper front teeth knocked out; and this suit in damages is brought in his behalf. The accident happened while he and a companion of the same age were returning from the picture show, at night, after the street lamps had been put out. They were running ahead of a lady who had taken them to the show. Plaintiff's son was ahead of his companion. The sidewalk consists of a concrete part extending 10 feet from the property line, and of a grassed part 4 feet wide between the concrete part and the curb. Winnfield is a town of 4,000 to 5,000 inhabitants; and the sidewalk in question was one of the most frequented of the town.

The defense is that the scale was left on the grassed part, and out of the pathway, where it was not negligence to leave it; that it was there when the boy ran into it. The evidence would go to show that it was partly, if not entirely, on the concrete part; and the probability that in the interval between the time the defendant's agent closed their office for the night and the time of the accident it was moved by some stranger is so remote as to be hardly worthy of consideration.

[1] On the hypothesis, however, of its having been on the grassed part when the boy ran into it, the defendant company would still be liable. For the boy would not have been at fault for running on this grassed part, so that the responsibility for the accident would still rest entirely upon defendant; and, as sidewalks are provided for the use of pedestrians, and not for the storing of scales, the leaving of a scale upon them, with which pedestrians may collide in the dark, necessarily constitutes negligence, especially when the leaving of obstructions upon the sidewalk is expressly prohibited by town ordinance, as was the case in the present instance, according to the testimony of one of defendant's witnesses.

The damages were fixed at $500 below. This can hardly be considered enough for a loss which will be continued to be felt through life. We see that in other jurisdictions $2,000 has been allowed for a similar loss. We will fix the amount at that.

The judgment in this case is therefore increased to $2,000, and, as thus increased, is affirmed. The defendant to pay the costs of appeal.

On Rehearing.

LAND, J. [2] A rehearing was granted in this case, and restricted to the question of quantum of damages. The damages were fixed at $500 by the court below, and were increased to $2,000 by this court on appeal. Counsel for plaintiff cite the following cases as sustaining the quantum of damages of the sum of $2,000: O'Brien v. Great Northern Railway Co., 127 Minn. 87, 148 N. W. 893; Board of Councilmen, etc., v. Kendrick (Ky.) 114 S. W. 289; and Hanchett v. Haas, 219 Ill. 546, 76 N. E. 845.

In the case of O'Brien v. Great Northern Railway Co., an action was brought by a railroad switchman 29 years old, with an

earning capacity of $105 a month, and a verdict of $2,050 was affirmed on appeal as not excessive, for injuries consisting of the loss of two teeth, a serious ankle sprain, aggravation of appendical trouble, and alleged injury to the back. The testimony in that case showed that the injury to the back would prevent plaintiff from performing hard labor from 8 to 12 months after the trial.

In the case of Board of Councilmen v. Kendrick, an 11 year old girl fell from a defect in a sidewalk and broke off one of her front teeth, the nerve hanging loose, and being very painful, and about a fourth of the other front tooth was broken off. She was treated several weeks by a dentist, being treated nearly every day, for about a week, and thereafter she was very nervous and suffered from an abscess. The fall also injured the bone around the socket of the teeth, so that necrosis of the bone would result, which would cause her other teeth to loosen, unless the broken tooth was extracted, and artificial work would greatly disfigure her face, and would be inconvenient in eating. Her upper lip was somewhat disfigured; and witnesses testified that her articulation was greatly impaired. It was held in that case that a verdict of $1,000 was not so excessive as to require a reversal.

The case of Hanchett v. Haas was not a case involving the loss of teeth, but of injuries received by a boy who was struck on the head by the breast of a horse attached to a buggy, and was knocked down in the street.

The loss of teeth by a lad 10 years old, as in this case, is a serious injury and source of great inconvenience for a lifetime. We think, however, the sum of $2,000, allowed in our former decree, is excessive, and should be reduced to $1,500.

Our former judgment is therefore decreased to $1,500, and, as thus decreased, is affirmed. The defendant to pay the costs of appeal.