**VAN ASSELBERG v. PRAET et al.**

No. 5643.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

Leo Gold and F. B. Cappel, both of Alexandria, for appellants.

John R. Hunter & Son, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff sues Alphonse Praet, a minor nineteen years of age, and his father, Octave Praet, for damages caused by and resulting from an unprovoked assault and battery upon him by said minor. The suit was defended on the alleged ground of self-defense. There was judgment for plaintiff for $930, and defendants appealed. Plaintiff also appealed and complains of the inadequacy of the award.

The established facts of the assault and battery are these: Plaintiff and a friend were walking along the highway in the daytime towards the place of business of the former, and met young Praet who, brooding over prior minor difficulties with plaintiff, and without word or warning, knocked him to the ground with his fist. On arising, or in attempting to do so, he was again struck by the boy and again felled to the ground. One or both blows landed on plaintiff's mouth. Other blows were delivered. One lip was lacerated; both were badly bruised. A bridge of six teeth was knocked out; also, the two teeth to which it was attached. A third tooth was broken and had to be extracted. These were all in the lower jaw. Two teeth of the upper jaw were loosened. The attending dentist was of the opinion that while these teeth would again become reasonably stable, as the process was not shattered, their efficacy would be impaired 50 per cent. The aveolar process of the lower jawbone was broken by the blow and from time to time particles of it were removed by the dentist. The lacerated lip had to be sutured. Considerable pain, suffering, and discomfort followed the trauma, extending over several weeks. The services of a dentist were required intermittently for several months.

At the time of the assault, plaintiff was unarmed. He was carrying a pail of milk in his right hand. Alphonse Praet testified that as he met plaintiff and his companion, the former "bumped" against him and then made a motion as though he intended to draw a weapon from his pocket. He says that from these physical movements of plaintiff he thought his life was endangered and therefore struck him down. He then walked calmly away. This testimony is diametrically opposed to defendants' answers wherein they aver that: " * * * And the said Ed Van Asselberg deliberately bumped into Alphonse Praet when words passed between them, immediately after which Ed Van Asselberg struck Alphonse Praet with a stick. Whereupon the said Alphonse Praet, acting in self-defense and with the provocation above stated, struck the said Ed Van Asselberg in the mouth, and knocked him down, whereupon the said Alphonse Praet walked away."

Testimony was admitted to prove that on two prior occasions plaintiff, in an effort to police his place of business near the scene of the assault, had altercations with young Praet, and Praet testified that he had been informed thereafter that plaintiff made threats against him. Testimony of this character, even if accepted as true, is unavailing in justification of the assault and battery, since it is clear that plaintiff had committed no overt act evidencing an intent to carry the threats into execution, nor had he made any hostile demonstration indicative of such intent. The assault was not only without excuse or justification, but, we are convinced, was premeditated.

The case is clearly with plaintiff. The most controverted issue is that of quantum.

The trial judge made the following awards, which make up his judgment, viz.:

| | |
|---|---|
| Pain and suffering | $500.00 |
| Loss of 3 teeth and permanent disability | 300.00 |
| Physician's and dental bills | 70.00 |
| New bridge | 60.00 |
| | $930.00 |

Plaintiff is fifty-seven years old. It is shown that as far back as 1907 he suffered from abscesses of the gums and toothache. It is not definitely disclosed, but it is probable, that on account of these ailments he had the six teeth removed which were replaced by the destroyed bridge. There is a paucity of evidence bearing upon the condition of the three teeth lost as a result of the battery; but, as they supported the bridge, it is reasonably safe to assume that they were sound.

The testimony fairly well discloses that when plaintiff provides himself with a new bridge to fill the vacancy caused by the loss of the old one and the three permanent teeth, the status quo ante of the mouth will have been measurably restored, especially so as to appearances. Of course it will not be contended, especially by those persons of experience, that false teeth are comparable to permanent ones as regards comfort, convenience, and efficiency.

The award of the lower court for pain, suffering, etc., is conservative. Certainly it is not excessive. It is in line with allowances by the courts in like or similar cases. Fontenelle v. Waguespack, 150 La. 316, 321, 90 So. 662. We do not think, however, the amounts awarded for the loss of the three teeth and impairment of use of the two upper ones adequate. It is out of line with the jurisprudence of this and other courts of the state in such cases:

In Long v. American Ry. Express Co., 150 La. 184, 90 So. 563, 22 A.L.R. 1493, $1,500 was allowed to a boy ten years old, for the loss of two upper front teeth.

In Barlow v. Southern Cities Distributing Co., 149 So. 299, decided by this court, $1,500 was given for the loss of four teeth; and in Gartman v. Traylor et al., La.App., 164 So. 660, $1600.00 was recovered for loss of four teeth.

The Supreme Court in the Fontenelle Case, supra, allowed $900 for three teeth.

Many other cases of same import could be cited to support the increase in award to which we deem plaintiff entitled. We think $300 per tooth for those lost because of the assault and $150 for impairment of use of the two upper ones, adequate.

For the reasons herein assigned, the judgment of the lower court is amended by increasing the amount thereof to $1,680, and, as thus amended, the judgment appealed from is affirmed.