The judgment of conviction and sentence is affirmed.

HAWTHORNE, J., absent.

**55 So.2d 239**

**ARATA v. ORLEANS CAPITOL STORES, Inc. et al.**

**No. 40121.**

Nov. 5, 1951.

Ainsworth & Ainsworth and Harold R. Ainsworth, all of New Orleans for plaintiff.

Henry B. Curtis, City Atty., Alvin J. Liska, Asst. City Atty., New Orleans, for City of New Orleans, defendant-appellee.

Bienvenu & Culver and P. A. Bienvenu, all of New Orleans, Orleans Capitol Stores, Inc., and Massachusetts Bonding and Insurance Co., for defendants-respondents.

HAMITER, Justice.

Hypolite A. Arata, individually and for the use and benefit of his minor son, Thomas C. Arata, instituted this suit to recover damages allegedly resulting from inju-

ries sustained by the son when the bicycle on which he was riding encountered a defective portion of the concrete sidewalk bordering Canal Boulevard near its intersection with Weiblen Place in the City of New Orleans. Named as defendants are the City of New Orleans, the Orleans Capitol Stores, Inc. (the abutting property owner and hereinafter sometimes referred to as the Store), and the Massachusetts Bonding & Insurance Company (the Store's liability insurer).

The district court sustained exceptions of no cause of action filed by the several defendants and, as a consequence, dismissed the suit. The Court of Appeal for the Parish of Orleans affirmed the judgment, assigning as its reason therefor that the facts set forth in the petition clearly establish contributory negligence on the part of the son which bars recovery. See La. App., 47 So.2d 119.

On plaintiff's application we granted the writ of certiorari.

According to the allegations of fact of the petition (as supplemented), which are to be taken as true in considering the sustained exceptions of no cause of action, the Store, on April 26, 1948, and for several years prior thereto, engaged in the food business at the corner of Weiblen Place and Canal Boulevard in the City of New Orleans. Along the Boulevard frontage there existed a public concrete sidewalk, across which the Store maintained a driveway that served vehicles using the parking lot situated on its property. This crossing was continually traversed by the Store's delivery trucks and by vehicles of its customers. About six o'clock P.M. of the above mentioned date plaintiff's ten year old son went to the store on his bicycle for the purpose of purchasing merchandise, but he found it closed. As he was returning to his home the front wheel of his bicycle struck a defective part of the concrete vehicle crossing, causing him to be thrown to the ground and severely injured. Both the Store and the City of New Orleans knew or should have known of the crossing's disrepair.

Additional allegations made by plaintiff are the following:

"That the vehicle crossing of the sidewalk of concrete paved material became and remained much broken and out of repair for many months, the exact period being unknown to your petitioner, so as to make and render it dangerous for the general public use; the said broken portion being a depression of the level of the original paved concrete sidewalk about three (3) feet in diameter and six (6) inches in depth and contained broken concrete and uneven shells from the property occupied by the defendant, Orleans Capitol Stores, Inc.; the property occupied by the Orleans Capitol Stores, Inc. likewise contained a large depression of about ten (10) feet in diameter and eight (8) inches in depth, which sloped into the depression on the sidewalk and caused,

the bicycle operated by Thomas Arata to proceed into the depression in the sidewalk.

"That the vehicular traffic constantly moving to and from Orleans Capitol Stores, Inc.'s place of business and repeatedly passing over the crossing was the cause of this continuing condition, together with the failure of the defendant, Orleans Capitol Stores, Inc., to keep the property, on which it was inviting the public to come and engage in the transaction of business, in good and proper repair, particularly in its permitting the depression in the ground to exist as immediately hereinabove described, likewise causing the undermining and breaking down of the foundation of the sidewalk, which would not have occurred except for the negligence of the defendant, Orleans Capitol Stores, Inc., in permitting such depression and hole to develop without filling same to the surface or grade of the remainder of the property."

Under their exceptions of no cause of action all defendants are united in the position, sustained by the Court of Appeal, that the petition conclusively shows contributory negligence of the minor.

■ In reaching its decision the Court of Appeal took into consideration the established jurisprudence to the effect that as a general rule contributory negligence, being a special defense, must be pleaded specially and be supported by evidence; but if the allegations of fact of the petition clearly disclose its existence the issue may be raised by an exception of no cause of action. Louisiana Power & Light Company v. Saia et al., 188 La. 358, 177 So. 238 (and cases therein cited); Odum v. Newstadt's Shoe Stores et al., La.App., 194 So. 81.

■ It is also well settled, however, with respect to such issue, that inasmuch as a plaintiff is not required to negative contributory negligence in his petition the exception should not be maintained unless the alleged facts establish affirmatively the existence of negligence on his part proximately causing the accident. To warrant the upholding of the exception, in other words, it is necessary that the allegations exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff. Gibbs v. Illinois Central Railroad Co., 169 La. 450, 125 So. 445; Burmaster v. Texas Pacific-Missouri Pacific Terminal Railroad of New Orleans, La.App., 174 So. 135; Pittman v. Gifford-Hill & Co., Inc., La.App., 188 So. 470; West v. Ray, 210 La. 25, 26 So.2d 221; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720.

■ In the instant case, it is true, the petition alleges that the accident occurred during daylight hours and resulted from the bicycle's striking a depression in the concrete sidewalk (about three feet in diameter and six inches in depth); and these allegations, when taken alone, would indicate inattention on the part of plain-

tiff's son in traversing the vehicle crossing. But there are other allegations to be considered also, the most important of which are that the encountered sidewalk defect contained broken concrete and uneven shells and that situated on the Store's property was a "large depression of about ten (10) feet in diameter and eight (8) inches in depth, which sloped into the depression on the sidewalk and caused the bicycle operated by Thomas Arata to proceed into the depression in the sidewalk." And when these averments are taken into consideration it cannot be said with certainty that the minor was inattentive or careless in the operation of his bicycle. From them it might well be inferred that because of the depression leading to the sidewalk he was unable to avoid the defective portion. Or possibly the dangerousness of the sidewalk defect was not readily apparent by reason of the broken concrete and shells therein contained; and on encountering it the contents moved, causing his being thrown.

Accordingly, the allegations of the petition, viewed in their entirety, do not affirmatively disclose negligence of the minor proximately causing the accident; which is to say that they do not exclude every reasonable hypothesis other than that he failed to use ordinary care. This is particularly true when it is remembered that such minor, as shown by the allegations, was only ten years of age. Some children of that age, unquestionably, can be guilty of contributory negligence. However, as stated in 38 American Jurisprudence verbo Negligence, Section 204: "The exact cautionary measures that must be taken by children cannot be expressed, of course, by any general rule; they must, in connection with the circumstances in each case, depend upon the intelligence, capacity and judgment which the child is shown by the evidence to have possessed."

Perhaps after a trial of the merits, when all of the circumstances surrounding the occurrence of the accident are before the court, the conclusion will be inescapable that the minor was capable of being and was in fact guilty of contributory negligence. But we cannot reach that conclusion from the pleadings alone.

▮▮▮▮▮ We consider now plaintiff's petition with respect to the alleged liability of the City of New Orleans. In White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620, we cited numerous decisions in the jurisprudence of this state concerning sidewalk accidents and then set forth the following legal principles evolving therefrom which are appropriate in determining a municipality's responsibility. To quote:

" * * * Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not

in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.

"For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonably safe condition for persons exercising ordinary care and prudence."

 In the petition here, as before shown, the offending sidewalk's defect is described as a dangerous and somewhat sizable depression containing broken concrete and uneven shells. Whether this condition was such as to be easily observable by persons using the walk and exercising ordinary care and prudence does not clearly appear. If the depression was not thus subject to easy detection, as well might have been the case in view of the alleged contents thereof, it was a defect from which danger could reasonably be anticipated and one calculated to cause injury—the kind for which the municipality would be responsible in damages. A determination of that issue, however, can occur only after the introduction of evidence respecting it.

[14–16] The next question for consideration, and one not free of difficulty, concerns the liability of the Orleans Capitol Stores, Inc., as well as of its insurer, under the allegations of plaintiff's petition. Generally an abutting property owner (such as is the Store) is not liable for injuries sustained as a result of a defect in the adjoining sidewalk or street. Betz v. Limingi, 46 La.Ann. 1113, 15 So. 385; James v. St. Charles Hotel Company, 145 La. 1004, 83 So. 222; McGurk v. City of Shreveport et al., La.App., 191 So. 553; Thomason v. Dan Cohen Company et al., La.App., 7 So.2d 396; Cummings v. Henninger, 28 Ariz. 373, 236 P. 701, 41 A.L.R. 212. To this general rule there is an exception, however, it being that the abutting owner is responsible where the defect is created or caused by him. Dillon Municipal Corporations, 5th Edition, Volume 4, Sections 1704 and 1825, states both as follows:

Section 1704.—"* * * The abutting owner is not bound to keep the sidewalk in repair unless by virtue of the requirement of a statute, and is not responsible to travellers for defects therein not caused by himself. * * *"

Section 1725.—"No person, not even the adjoining owner, whether the fee of the street be in himself or in the public, has the right to do any act which renders the use of the street hazardous or less secure than it was left by the municipal authorities. Whoever does so, whether by excavations made in the sidewalk by the abutter, or by unsafe hatchways left therein, or by opening, or leaving open, an area-way in the pavement, or by undermining the street or sidewalk, or by placing unauthorized obstructions thereon, which make the use of the street unsafe or less secure, is guilty of a nuisance, and is liable to any person who, using due care, sustains any special injury therefrom; * * *."

Elliott on Roads and Streets, 4th Edition, Volume 2, Sections 899 and 900, uses substantially the same verbiage in setting forth the general rule and its exception.

Our jurisprudence has recognized such exception, although no case appears therein involving facts identical with those alleged here. Stern v. Davies et al., 128 La. 182, 54 So. 712; Burke v. Werlein et al., 143 La. 788, 79 So. 405; Long v. American Railway Express Company, Inc., 150 La. 184, 90 So. 563, 22 A.L.R. 1493. In each of those cases the abutting property owner was held liable for having placed an obstruction on the sidewalk causing injury.

▬▬ In the instant case plaintiff's allegations, although vague in some respects, seem to charge the Store (the abutting owner) with having knowingly caused the undermining and breaking down of the sidewalk's foundation by maintaining an adjacent depression on its property which, together with the permitted and described vehicular traffic over the crossing, resulted in the offending defect. If this charge be true the Store, in our opinion, was guilty of a nuisance, subjecting it to liability for injury therefrom, the same as if it had made an excavation in or placed an unauthorized obstruction across the sidewalk that produced the accident. Therefore, we are obliged to hold that the petition herein states a cause of action against the Store and its insurer.

▬▬ In passing upon the exceptions of the several defendants herein we have not overlooked their contention that the position of plaintiff's son (as a bicycle rider) is not so favorable as that of a pedestrian, and that he occupies a legal status similar to that of an operator of any other vehicle who is authorized to use the streets of the city. This contention is predicated on a statement of the law contained in McQuillin on Municipal Corporations, 3rd Edition, Volume 19, Section 54.54, and quoted in the brief of counsel for the City

of New Orleans, as follows: "The rules applying to bicycles, motorcycles and tricycles ridden on a street or sidewalk is that the rider cannot recover for injuries resulting from defects in the street or sidewalk if it was in proper condition for pedestrians (in case of a sidewalk) or ordinary vehicles (in case of the driveway). * * *"

However, in the same section and paragraph of the named authority, immediately after the above statement, the following (not quoted in the mentioned brief) is said: "* * * On the other hand, one rightfully riding a bicycle on a sidewalk is entitled to recover if the walk was not in proper condition even for pedestrians, or on a street if the street is not in reasonably safe condition for ordinary travel."

And from a reading of the two statements together it is clear to us that the word "driveway" as used in the first was intended to mean "street", not the driveway portion of a sidewalk; for throughout both a distinction is made only as between a street and a sidewalk. The minor here was rightfully riding his bicycle on a sidewalk when injured; hence, we think, and have determined, his status to be similar to that of a pedestrian.

In the comparatively recent case of Weber v. H. G. Hill Stores, Inc., 210 La. 977, 29 So.2d 33, 38, when overruling an exception of no cause of action, we observed: "These allegations are, in our opinion, sufficient to constitute a cause of action, However, after considering the entire petition, even if in our minds there should exist any final doubt as to whether the exception should be sustained or overruled, this doubt is resolved in favor of the petitioner and in the overruling of the exception, or, when it is not clear that the petition fails to disclose a cause or right of action, the doubt is resolved in favor of the sufficiency of the petition."

That observation is very appropriate to our conclusion that this case should be tried on its merits.

For the reasons assigned the judgments of the district court and the Court of Appeal are reversed, the exceptions of no cause of action are now overruled, and the case is remanded to the district court for further proceedings according to law. The costs of the instant proceedings in this court and in the Court of Appeal are to be paid by the defendants, and all other costs are to await the final determination of the litigation.

HAWTHORNE, J., absent.