FRUGÉ, Judge.
Plaintiffs brought suit in the district court to recover from the City of Alexandria for personal injuries suffered by Mrs. Shadwell on April 1, 1964. Mrs. Shadwell, carrying a two year old child in her arms, stepped into a hole in a dirt street maintained by the City of Alexandria and suffered a complete fracture of the left fibula and a partial fracture of the left great toe. The hole in question was located approximately five feet from the edge of the road and was formed by the gradual erosion of the surface soil through a cracked or displaced joint in an underlying culvert. The evidence established that the hole was from four to six inches wide and nine to twelve inches long, and had been in existence for a' period of ten or more years.
On trial, the city admitted having constructive knowledge of the defect but denied that its failure to remedy the defect constituted negligence and contended in the alternative that the plaintiff was barred from recovery by her own contributory negligence. In his reasons for judgment, the trial judge pretermitted a discussion of whether the city was negligent in allowing the hole to exist and held that the plaintiff was guilty of obvious contributory negligence which defeated her recovery. Plaintiffs have appealed from this adverse judgment, contending that the trial judge erred in refusing to find the city negligent and in holding that the plaintiff was guilty of contributory negligence.
An often quoted statement of the respective duties of pedestrians and municipalities with regard to defects in streets and sidewalks is found in the case of White v. City of Alexandria, 216 La. 308, 43 So. 2d 618, 620, wherein the Supreme Court said:
“From this jurisprudence there have evolved certain legal principles which are to be considered in determining the . instant contrbversy. Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as-rains, expansion, soil erosion and tree roots.”
Although the injury occurred at night, the Supreme Court denied recovery in the White case, noting that the defect had been in existence for several years, was well illuminated by a street light, and could be readily and easily observed by anyone exercising ordinary caution and prudence.
In the case at bar the record discloses that the defect had b,een in existence for many years prior to the fall suffered by Mrs. Shadwell; that the plaintiff had relatives who were longtime residents of the neighborhood; that the plaintiff resided in that same area for nearly a year prior to the accident; that the existence of the hole in the street was a matter of common knowledge to the members of the immediate community; that the opening of the hole was clearly visible to a pedestrian, there being no grass, bushes or other material screening it from view; and' that the accident occurred in broad daylight at approximately. four o’clock in the afternoon. From. *178 the foregoing it may be readily observed that the factual indications of contributory negligence in the present suit are much stronger than those in the White casé.
In his brief, plaintiff-appellant cites in his favor the cases of Arata v. Orleans Capitol Stores, Inc., 219 La. 1045, 55 So.2d 239, and Robinson v. City of Alexandria, 174 So. 681, La.App. 2 Cir., 1937. The Supreme Court in White v. City of Alexandria distinguished Robinson because in that case the accident occurred at night at a point where illumination was very poor and the defect was covered with grass and trash and not apparent to one using ordinary care and prudence. For the same reasons we think that the Robinson case is inapposite to the facts at bar.
In the Arata case, the accident occurred during daylight hours and occurred when a ten year old boy on a bicycle struck a depression in a concrete sidewalk three feet in diameter and six inches in depth, containing broken concrete and uneven shells. The Arata case was tried on an exception of no cause of action, and regarding the defect in the sidewalk the court said:
“ * * * Whether this condition was such as to be easily observable by persons using the walk and exercising ordinary care and prudence does not clearly appear. If the depression was not thus subject to easy detection, as well might have been the case in view of the alleged contents thereof, it was a defect from which danger could reasonably be anticipated and one calculated to cause injury — the kind for which the municipality would be responsible in damages. A determination of that issue, however, can occur only after the introduction of evidence respecting it.”
Unlike the Arata case, all the evidence in the present suit has been presented and the record clearly indicates that the defect was apparent and easily observable by persons exercising ordinary care and prudence. This was the finding of the trial judge and we find it impossible to disagree with his’’ determination.
 Finally, the plaintiff contends that since she was carrying a two year old child at the time of the fall, she had no opportunity to observe the defect in the street and thus could not be said to be contributorily negligent. We feel that this contention is without merit for it is common knowledge that a person carrying additional weight, such as a small child, is apt to stumble and fall on even small obstructions. Therefore, in traversing this dirt street, which the plaintiff admittedly knew to be in poor condition, Mrs. Shadwell should have been extraordinarily conscious cf irregularities in her path and taken even greater care to avoid a fall which might endanger not only her own safety but that of the child she was carrying.
For the reasons assigned, the judgment of the trial court is hereby affirmed at appellant’s cost.
Affirmed.