536 So.2d 573 (1988)
Carlus CARTER
v.
CITY OF HOUMA, Parish of Terrebonne, Wickes Lumber, Inc. and Unknown Manufacturer.
No. CA871248.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
*575 Robert H. Butler, II, New Orleans, for plaintiff and appellee, Carlus Carter.
Sidney Hardy, New Orleans, for defendant, Wickes Lumber Co.
Robert Talley, Baton Rouge, for defendant, the State.
Randall Bethancourt, Houma, for defendant, Terrebonne Parish Police Jury.
Robert P. Cuccia, Houma, for defendant and appellant, City of Houma.
John Lanier, Thibodaux, Liberty Mut. Ins. Co.
Before WATKINS, CRAIN and FOIL, JJ.

FACTS
CRAIN, Judge.
This is an appeal from a judgment finding the City of Houma solely liable in a personal injury action.
On July 22, 1982, Carlus Carter was delivering freight to Wickes Lumber Company in Houma. While walking to the rear of the trailer he stepped on a catch basin drain cover which broke beneath his weight. Carter suffered injuries to his knees and brought an action to recover damages for these injuries. The drain cover is adjacent to Wickes' parking lot on property owned and maintained by the City of Houma (City). The drain cover had been replaced by the City twice prior to the accident because it had broken. After replacing the drain cover the second time, the City drove angle-iron posts at each corner of the drain cover to prevent automobiles from backing over the cover when exiting Wickes. Wickes painted these posts yellow. Automobiles would back into these posts, bending them, and Wickes would straighten them. Eventually the ground became too soft to hold the posts up and two of them fell on the cover. Employees of Wickes carried the two posts to the building. Wickes did not notify the City that two of the posts had been removed. An employee of Wickes noticed that the cover was cracked two days before the accident. At that time the crack was approximately twelve inches long. The same employee noticed that the crack had extended the next day, the day prior to the accident. Other than calling the City of Houma and reporting the cracked cover, Wickes took no precautionary procedures to warn about the damaged cover.

PROCEEDINGS IN THE TRIAL COURT
The question of Wickes' liability was tried before a jury while the question of liability on the part of the City of Houma, the Parish of Terrebonne and the DOTD was heard by the trial judge. The court dismissed the demands against the Parish and the DOTD as no evidence was presented of a duty on the part of either of these parties. The court found that the City was negligent in its maintenance of the catch basin and that it had a duty to protect the members of the public from the risk of harm from the unreasonably dangerous cover. The trial court found no contributory negligence on the part of Carlus Carter. The jury found that Wickes was not liable for the injuries suffered by Carlus Carter. The trial court awarded damages to Carlus Carter totalling $235,360.69. Liberty Mutual Insurance Company, the workman's compensation insurer, was allowed recovery of the benefits and medical expenses paid of $73,059.69. Carlus Carter filed a motion for judgment notwithstanding the verdict (JNOV) in its suit against Wickes, arguing that there were no disputed facts for the jury to decide. The trial judge denied this motion.
The City appeals and assigns as error the failure of the trial court to determine that Carlus Carter was contributorily negligent; that Wickes was solely responsible for the accident and that the damage awards for pain and suffering and for loss of past and future wages were excessive. Carlus Carter appeals and assigns as error the failure of the trial court to find Wickes liable, the denial of the motion for JNOV and the award of damages as inadequate.
The issues for review are whether Wickes Lumber, Inc. can be held liable for an injury that occurred as a result of an accident on abutting property; whether *576 Carlus Carter was contributorily negligent in the accident; and the sufficiency of the damages awarded.

FAULT OF CARTER
The City and Wickes allege that Carlus Carter was solely or contributorily at fault in the accident. They argue that he failed to observe where he was walking and would have seen the cracked cover had he looked. The only evidence of the condition of the cover was from Charles Foret, an employee of Wickes. Mr. Foret stated that he noticed "a little crack" in the cover when he walked to pick up some wood nearby. In its Reasons for Judgment the trial court found:
This Court further finds that there was no contributory negligence on the part of the plaintiff. The presumably solid and firm metal surface was indeed cracked and weak. Catch basin covers are designed to support weight and to be walked upon. The defect in this particular cover thus became a hidden trap for the plaintiff. There was no unreasonable action on the part of the plaintiff which contributed to his injury.
We find no error in this conclusion.

FAULT OF THE CITY OF HOUMA
In dealing with this issue the trial court stated as follows:
The evidence produced by the various parties further showed that this particular catch basin was located within the city limits and on the right of way of a city street. The cover was cracked and its damaged condition had been reported to the City by Wickes personnel at least two days before the accident. Additionally, this was at least the third time the cover on this particular catch basin had become cracked. The City repaired or replaced the cover on each occasion when it had cracked previously. On one occasion, city workmen erected four protective posts around the cover in an effort to prevent traffic from rolling over the cover. However, the City was aware that two of the posts had been missing for a considerable number of months prior to this accident. The City made no effort to replace the protective posts.
Although the plaintiff has proceeded against the City under the theory of negligence (LSA-C.C. Art. 2315) and the theory of strict liability (LSA-C.C. Art. 2317), it is unnecessary to consider the latter as this Court finds for a fact that the City was negligent in its maintenance of this particular catch basin. The City was negligent because it knew of the cracked condition of the cover, it had been notified in sufficient time to correct the hazard, and it had a duty to protect the members of the public who used its roadways and shoulders from risk of harm from the unreasonably dangerous cracked cover. Having failed to so remedy the situation, the City is liable to the plaintiff for the injuries which he sustained.
We find no error in this conclusion. These findings by the trial court are findings of fact. Findings of fact by a trial court will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record supports the findings of the trial court and we find no manifest error.

FAULT OF WICKES
The City argues that it was error on the part of the trial court to fail to determine that Wickes was solely at fault for the accident. The case against Wickes was tried before a twelve-person jury and they were found free of liability for the accident. Findings of fact by the trial court will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). A review of the record reveals evidence which supports the factual finding of the jury that there is no fault on the part of Wickes.
Wickes' employees removed the two posts nearest the building when they fell down. The City argues that this was negligence, that Wickes had a duty to warn invitees at this point and failure to warn caused the accident. They further argue that Wickes' employees or invitees caused the crack in the cover and should thus be *577 liable, citing Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 (1951). In Arata, a minor child was injured when the bicycle he was riding struck some damaged sidewalk adjacent to a store's parking area. The court recognized the general rule that an abutting property owner is not liable for injuries sustained as a result of a defect in adjoining property but an exception to this rule exists where the defect is created or caused by him. We note an absence of evidence to indicate that Wickes "caused or created" the defective cover or used the property in a manner to incur liability.
Employees of Wickes removed the two stakes closest to the building after they had fallen. The City argues that this was a negligent act on the part of Wickes. Hubert Brooks, foreman for the Street and Drainage Department for the City of Houma, noticed that the posts had been removed one week after they had been installed, months prior to the accident, and took no further action to re-install the posts in a more secure fashion. The City had replaced broken covers at this location twice prior to the accident. Under these circumstances we find no error in the jury finding that removal of the posts which had already fallen was not negligence on the part of Wickes.
The City next argues that Wickes breached a duty to warn invitees of non-apparent defects on abutting premises used by invitees for the benefit of the owner/lessee which are within his actual knowledge, citing Arata. We do not find this theory so broad as to impose a duty to warn on Wickes in this case. The drain cover is on public property under the custody of the City, installed with the intention that it be walked over safely by pedestrians. It is not close enough to the entrance to the building to constitute a hidden defect in the entrance way to qualify it under the above theory of liability. Wickes did not invite customers to "use" the adjacent property in a manner consistent with incurring liability for hidden defects. If anything, the City invited citizens to "use" the cover by placing it there.
This assignment is without merit.

JNOV
Carlus Carter assigns as error the failure of the trial court to grant his motion for JNOV against Wickes. A JNOV should be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. Where virtually no factual dispute exists legal questions concerning duty-risk are within the province of the court. Wooten v. Louisiana Power & Light Co., 477 So.2d 1142 (La. App. 1st Cir.1985). We have reviewed above the evidence presented against Wickes. Since the jury's finding of no liability on the part of Wickes is correct, obviously the decision of the trial court is correct. This assignment is without merit.

JURY INSTRUCTIONS
Carlus Carter next assigns as error the failure of the trial court to charge the jury with the following instruction.
The possessor who knows or should know of a dangerous condition upon adjacent property which threatens his invitee's safety by reason of their customary use of that property is liable for damages they received when they are injured due to the dangerous condition.
Although the trial judge is not required to give the precise instructions that are submitted, he is required to give instructions which properly reflect the law applicable in light of the pleadings and facts of the particular case. Davidson v. Peden, 413 So.2d 568 (La.App. 1st Cir. 1982). The requested instruction is an inaccurate statement of the law as it makes no reference to the creation or causation of the defect, or the invitation, implied or express, of the abutting property owner/lessee to use adjoining property. See Arata v. Orleans Capital Stores and Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (1970).
*578 The trial court was correct in its refusal to submit the jury instruction as requested.

QUANTUM
Error is assigned as to the amount of the damage award. The City argues that the damage award was excessive. Carlus Carter argues that the trial court was incorrect in its findings of fact as to when he was able to return to work and the prospective salary, so the award is inadequate.
In its reasons for judgment the trial court stated:

QUANTUM
Following the accident, Mr. Carter was treated by a series of doctors. He was alternately treated and released to return to work until the early part of 1983, when he consulted Dr. Thomas Whitecloud in New Orleans. Dr. Whitecloud performed surgery on both knees. He was released by Dr. Whitecloud on July 1, 1983, with the expectation that he could do whatever he wanted to do in the way of activities within six weeks. Dr. Whitecloud's only restriction was against heavy lifting from a squatting position. The plaintiff's disability at that time was rated at 25% for each knee and 5% for each leg.
Thereafter, Mr. Carter consulted Dr. Pete Rhymes. In September of 1983, Dr. Rhymes performed surgery on the right knee because of a popping in the knee. It was Dr. Rhymes' opinion that plaintiff could not go back to his previous employment as a truck driver. He rated Mr. Carter's disability at 40% for the right knee, 25% for the left knee, and 15% for the body as a whole.
This Court is convinced that the plaintiff is, indeed, somewhat disabled, as he continues to suffer from condromalacia which was asymptomatic prior to the accident. However, this Court is not convinced that the accident has made the palintiff (sic) as helpless as he claims. For this reason, this Court concludes that the amount of $40,000.00 will adequately compensate the plaintiff for past and future pain, suffering and disability.
Concerning the plaintiff's economic losses, this Court heard the testimony of Dr. Seymore Goodman, an expert economist, and Mr. Nathanial Fentress, a vocational rehabilitation counselor. At the time of the accident, Mr. Carter was earning approximately $22,500.00 per annum. Although Dr. Goodman calculated plaintiff's past wage loss at $108,807.25, this calculation was based upon the assumption that he could not have worked at all from the time of the accident until the time of trial, and upon the further assumption that he would have received an 8.06% annual increase in wages. This Court cannot agree entirely with either assumption. Instead, this Court finds that the plaintiff could have returned to some type of work by November, 1984. Using Dr. Goodman's calculations as a guide, this Court finds that plaintiff suffered a past wage loss of $74,825.00.
The vocational rehabilitation counselor testified that Mr. Carter has several transferable skills. Furthermore, Mr. Carter's former employer was positive about the plaintiff's desirability as a responsible and diligent employee. This Court finds from the evidence presented that it is reasonable to infer that the plaintiff is capable of earning at least $5.00 per hour in more sedentary employment than his previous employment.
Using $5.00 per hour as the plaintiff's earning capacity in the future, Dr. Goodman testified that the difference between his earnings, throughout his 19.9 years of work-life expectancy, and his earnings had he been able to remain in his previous employment, would amount to $181,836.25. Discounted at a rate of 9.38%, the amount due to plaintiff for loss of future earnings is approximately $84,500.00.
Finally, it was stipulated between the parties that the past medical expenses amounted to $36,035.69. This Court finds for a fact that an award for future medical would be far too speculative. The only doctor to recommend continued treatment was Dr. Rhymes, who based *579 his opinion solely on the plaintiff's subjective complaints.
The severity of injury, date the plaintiff could return to work and expected salary are findings of fact. Findings of fact by the trial court will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
As stated by the Louisiana Supreme Court in Reck v. Stevens, 373 So.2d 498, 501 (La.1979):
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case.

. . . .
Thus the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of facts "much3 discretion," La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on review, for articulated reason, be considered either excessive or insufficient. (citations and footnote omitted)
After a thorough examination of the record, we find no abuse of discretion on the part of the trial court.
The judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant, the City of Houma, and the appellant, Carlus Carter, in equal amounts.
AFFIRMED.