United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

————————

No. 03-30179
Summary Calendar

————————

ALFRED STELLY,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,
ON BEHALF OF UNITED STATES FISH & WILDLIFE SERVICE,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-2365)

——————————

Before JOLLY, HIGGINBOTHAM, and SMITH,
Circuit Judges.

PER CURIAM:[*]

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the
(continued...)

Alfred Stelly appeals an adverse summary judgment on his negligence claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). We affirm.

———————————————

[*](...continued)
limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

The Sabine National Wildlife Refuge is owned by the United States and administered by the Fish and Wildlife Service, an agency within the Department of Interior. Members of the public are permitted access to the wildlife refuge, and permitted to engage in recreational fishing, both without charge. The State of Louisiana owns a right-of-way through the refuge on which it built a state highway. The Louisiana Department of Transportation is responsible for repair and maintenance of the highway and its shoulder.

Stelly arrived at the refuge intending to go fishing in a canal bordered by the highway. After parking his car, he walked across the highway and down the shoulder's short embankment to reach the canal, as he had done on previous occasions. He slipped on loose gravel and fell, breaking his ankle and injuring his back and hip. He sued, alleging that the negligence of the United States caused his injuries.

## II.

"We review de novo a grant or denial of summary judgment, applying the same standard as did the district court." *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 319 (5th Cir. 2003) (internal citations omitted). Summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Under the FTCA, the United States is liable for the torts of its employees to the same extent as a private party would be according to the law of the state where the tort occurred. 28 U.S.C. §§ 1346(b)(1), 2674. Louisiana law requires the plaintiff, in a personal injury suit, to prove, as an essential element of his claim, that the defendant owed a duty to protect him from the type of injury sustained.[1] Because the highway and shoulder are owned and maintained by the state, the district court properly concluded that Louisiana and not the United States had a duty to keep them in a safe condition.[2]

Stelly concedes that a property owner is generally not liable for injuries arising out of a defect in property adjoining his own unless he is responsible for the defect. *Arata v. Orleans Capitol Stores*, 55 So. 2d 239, 244 (La. 1951). Stelly argues, however, that Louisiana law imposes a duty on property owners where they know of a dangerous condition on neighboring property; the neighboring property is used for access to their own; and the condition poses a threat to the safety of their invitees.[3]

A property owner is not, however, an insurer of an invitee's safety.[4] Accordingly, a

---

[1] *See Syrie v. Schilhab*, 693 So. 2d 1173, 1176-77 (La. 1997); *Socorro v. City of New Orleans*, 579 So. 2d 931, 938-39 (La. 1991).

[2] *See Breshers v. Louisiana Dep't of Transp. & Dev.*, 536 So. 2d 733, 736-37 (La. App. 3d Cir. 1988), *cert. denied*, 541 So. 2d 854 (La.), *and cert. denied*, 541 So. 2d 856 (La. 1969); *Wall v. Am. Employers Ins. Co.*, 215 So. 2d 913, 916 (La. App. 1st Cir.), *cert. denied*, 217 So. 2d 415 (La. 1969).

[3] *Hammons v. City of Tallulah*, 705 So. 2d 276, 281-82 (La. App. 2d Cir. 1997), *writ denied*, 716 So. 2d 892 (La.), *and writ denied*, 716 So. 2d 894 (La. 1998); *see also Cothern v. LaRocca*, 232 So. 2d 743 (La. 1970); *Lancles v. Tomlinson*, 351 So. 2d 1218, 1223 (La. App. 3d Cir.), *cert. denied*, 352 So. 2d 1023 (La. 1977).

[4] *Levert v. Traverlers Indem. Co.*, 140 So. 2d
(continued...)

landowner has no duty to warn of a potentially dangerous condition that "should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner." *Shelton v. Aetna Cas. & Sur. Co.*, 334 So. 2d 406, 410-11 (La. 1976). The loose gravel on the embankment where Stelly slipped was readily observable, and the risk of walking on it would have been obvious to a reasonably prudent person. Consequently, the condition of the shoulder did not give rise to a duty to warn.

Because Stelly has failed to identify a duty on the part of the United States to protect him from the injury he sustained, summary judgment was proper.

AFFIRMED.

---

[4](...continued) 811, 813 (La. App. 3d Cir. 1962) ("[A]n invitee assumes all normally observable or ordinary risks attendant upon the use of the premises.").