Judgment rendered November 6, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,674-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ERICA L. DYER                                    Respondent

versus

MONTCLAIRE PARC, L.L.C.                           Applicants
D/B/A MONTCLAIR PARKS
ASSISTED LIVING AND THE
CHATEAUS AT MONTCLAIRE,
L.L.C. D/B/A MONTCLAIR
PARKS ASSISTED LIVING

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 643,400

Honorable Brady D. O'Callaghan, Judge

* * * * *

BRADLEY, MURCHISON, KELLY          Counsel for Applicants
& SHEA, LLC
By: Jacque Paul Biggs
    Lionel David Adams

RICE & KENDIG, LLC                 Counsel for Respondent,
By: Franeka Dorianna Taylor       Erica L. Dyer

PETTIETTE, ARMAND, DUNKELMAN,      Counsel for Respondent,
WOODLEY & CROMWELL, LLP            City of Shreveport
By: Joseph Samuel Woodley

* * * * *

Before STONE, STEPHENS, and ROBINSON, JJ.

**ROBINSON, J.**

Montclaire Parc and The Chateaus at Montclaire assisted living facilities ("ALFs") applied for a writ with this court seeking supervisory review of the trial court's denial of their exception of no cause of action. The writ was granted to docket. For the following reasons, the writ is recalled as improvidently granted and denied. The ruling denying the exception of no cause of action is affirmed.

## FACTS

Erica Dyer filed suit against the ALFs alleging that she lost control of the Ford pickup truck that she was driving when it encountered ice in the roadway of East Kings Highway in Shreveport on the morning of December 23, 2022. The loss of control caused the truck to flip onto the passenger side, allegedly resulting in injuries to Dyer. She contended that temperatures in Shreveport fell below freezing on that date, and that area residents had been warned to wrap pipes and leave a drip in the waterline. Dyer alleged that although it was unknown whether the ALFs took steps to avoid freezing waterlines, their water lines froze and caused water to flood and then freeze the roadway. She further alleged that the ALFs contacted a plumber to fix the leaking pipe but did nothing to clean up the ice in the roadway, apply sand to the roadway, or to warn motorists of the road condition. She maintained there was no precipitation or other condition that day which would have caused her to be concerned with ice on the roadway.

Dyer contended the accident was caused by the ALFs' fault in that they: (1) maintained the premises in an unsafe and hazardous condition; (2) failed to timely repair the ruptured and leaking water line; (3) failed to warn motorists of the ice which formed on East Kings Highway as a result of the

ruptured and leaking waterline; (4) failed to contact the Shreveport Police Department in order to provide traffic control; and (5) failed to place sand on the icy portions of the roadway.

The ALFs filed an answer and raised the exceptions of no cause of action and vagueness. They maintained that Dyer failed to plead a legally valid cause of action under La. C.C. art. 2317.1. They argued there is no basis under Louisiana law to impose a duty on a premises owner to protect a passing motorist from an alleged dangerous condition outside their premises on a public roadway that they do not own, control, or have any duty to maintain. The ALFs further argued they owed duties of care to their residents, employees, visitors, and invitees, but not to Dyer, who had no relationship with them which would give rise to a legal duty.

The ALFs maintained that Dyer did not allege that the ice on the road was caused by any ruin, vice, or defect on their premises, or that they knew or should have known of any such ruin, vice, or defect. They further maintained that while several Louisiana courts have noted the possibility of a duty owed by a premises owner to warn of defects on adjacent property, that duty is owed only to an owner's patrons, tenants, or invitees.

In response to the exception of no cause of action, Dyer argued that the defect on the ALFs' property was the frozen and ruptured waterlines.

In its ruling denying the exception of no cause of action, the court stated that it agreed with the ALFs that on the facts alleged in this case, it will be difficult for Dyer to make the necessary showing. However, the court could not discount or assume that no evidence exists which would meet the applicable standard. The court concluded that while the weather caused the accident and that the duty to passing motorists may be defined

2

very narrowly, it could not say that there are no possible facts, such as actual knowledge of the road condition and its point of origin from a defect on the ALFs' property, that could meet Dyer's burden.

The ALFs applied for a supervisory writ to this court. On January 25, 2024, this court granted the writ to docket. While the writ was pending, Dyer amended her petition to add the City of Shreveport as a defendant.

## DISCUSSION

The ALFs argue that Dyer has no viable cause of action against them as a matter of law. They contend that allowing the suit to proceed will result in an unjustified expansion of a premises owner's potential liability to unknown third parties injured on an adjacent public roadway.

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So. 2d 114. La. C.C.P. art. 931 states that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Ramey*, *supra*. All doubts are resolved in favor of the sufficiency of the petition to afford litigants their day in court. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876. The issue at the trial of the exception of no cause of action is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Ramey*, *supra*.

An appellate court's review of a trial court's ruling sustaining or denying an exception of no cause of action is *de novo* because the exception raises a question of law, and the trial court's decision is based only on the

3

sufficiency of the petition. *Grayson v. Gulledge*, 55,214 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1133, *writ denied*, 23-01437 (La. 1/10/24), 376 So. 3d 847.

The ALFs argue that the trial court erred in overruling the exception of no cause of action because Dyer failed to plead facts stating a claim under La. C.C. art. 2317.1 and because they did not owe a legal duty under the facts alleged to protect Dyer from harm under art. 2317.1 Dyer counters that she pled sufficient facts to establish a cause of action pursuant to La. C.C. art. 2317.1.

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1. A "defect" in a thing, for which one having custody of the thing may be liable for damages caused, is a condition or imperfection that poses an unreasonable risk of injury to persons exercising ordinary care and prudence. *Freeman v. West Carroll Parish Police Jury*, 54,750 (La. App. 2 Cir. 9/21/22), 349 So. 3d 637, *writ denied*, 22-01583 (La. 12/20/22), 352 So. 3d 83.

In *Farrell v. Circle K Stores, Inc.*, 22-00849, pp. 5-6 (La. 3/17/23), 359 So. 3d 467, 473, the supreme court discussed the analysis under negligence (La. C.C. art. 2315) and premises liability (art. 2317.1) claims:

> Whether a claim arises in negligence under La.Civ.Code art. 2315 or in premises liability under La.Civ.Code art. 2317.1, the traditional duty/risk analysis is the same. And now, with La.Civ.Code art. 2317.1's requirement of actual or constructive knowledge of a defect, the result under either should be the

same. In any event, a claim under La.Civ.Code art. 2315 typically focuses on whether the defendant's conduct of allowing an unreasonably dangerous condition to exist on its premises is negligent, while a La.Civ.Code art. 2317.1 claim focuses on whether the thing itself is defective; *i.e.*, unreasonably dangerous. But, when the legislature eliminated strict liability for defective things in one's custody by adding La.Civ.Code art. 2317.1, a negligence standard replaced it. The requirements of actual or constructive knowledge of the defect and proof that the defendant could have prevented damage from the defect by exercising reasonable care evidences this shift. We will utilize a duty/risk analysis to determine whether liability exists.

Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable.

Citations omitted.

The focus of the ALFs' argument is that they did not owe Dyer, a third party, any duty to protect her from hazards outside of their premises. However, in *Bufkin v. Felipe's Louisiana, LLC*, 14-0288, p. 5 (La. 10/15/14), 171 So. 3d 851, 855, the supreme court stated that "[t]he burden for tort liability arising from a defect in a public sidewalk is generally with the municipality, not the adjoining landowner, unless the abutting property owner negligently caused a defect in the sidewalk." For the purposes of our analysis, East Kings Highway can be likened to a public sidewalk. We note that the supreme court had earlier stated that in general, an abutting property owner "is not liable for injuries sustained as a result of a defect in the adjoining sidewalk or *street*[,]" with the exception being that the abutting owner is responsible where the defect is created or caused by him. *Arata v.*

5

*Orleans Capitol Stores*, 219 La. 1045, 1058, 55 So. 2d 239, 244 (La. 1951). Emphasis added.

In *Ford v. City of Shreveport*, 165 So. 2d 325 (La. App. 2 Cir. 1964), Gorton, the owner of property abutting a sidewalk, was found liable for damages after the plaintiff fell because of the defective condition of the sidewalk. The trial court found that the sidewalk adjacent to Gorton's property had been almost entirely obliterated because Gorton's heavy work trucks had been driven over the sidewalk for more than 20 years to reach a parking area or loading ramp. That judgment was affirmed.

In *Arata*, *supra*, the plaintiff's son was allegedly injured when his bike struck a defective part of a public sidewalk. The abutting property owner operated a store. Delivery trucks and customer vehicles used a driveway crossing over the sidewalk to reach a parking lot on the store's property. The father's lawsuit against the store and others was dismissed on an exception of no cause of action. The supreme court noted that the petition seemed to charge the store with knowingly causing the undermining and breaking down of the sidewalk's foundation by maintaining an adjacent depression on its property which together with the vehicle traffic over the crossing led to the sidewalk defect. As such, the court was obliged to hold that the petition stated a cause of action against the store.

Although both parties contend this is a premises liability claim governed by La. C.C. art. 2317.1, the alleged facts suggest that it may be an ordinary negligence claim under La. C.C. art. 2315 as the hazardous condition was created on adjoining property. As this court stated in *Ford*, the responsibility of an abutting property owner does not rest on such

6

ownership, but rather on his negligence in creating and failing to repair the damage. *Ford*, *supra* (citing *Arata*, *supra*).

The ALFs contend that Dyer alleged the waterline froze and burst because of extremely cold weather, which is an act of God. However, we note that when a "force majeure" or "act of God" combines or concurs with the conduct of a defendant to produce an injury, the defendant may be held liable for any damages that would not have occurred but for its own conduct or omission. *Saden v. Kirby*, 94-0854 (La. 9/5/95), 660 So. 2d 423.

Dyer alleged that: (1) temperatures in Shreveport fell below freezing and residents were warned to wrap pipes and leave a drip in the line to prevent freezing and ruptured waterlines; (2) although it is unknown if the ALFs took steps to avoid freezing waterlines, the waterlines nevertheless froze; (3) the water from the waterlines flooded and then froze in the travel lanes on East Kings Highway; (4) the ALFs called a plumber to repair the waterlines but did not clean up the ice, apply sand to make it less slick, or warn motorists of the ice on the roadway; and (5) there was no precipitation or other condition that would have caused Dyer to be concerned about ice on the roadway. We emphasize that Dyer also alleged that the ALFs failed to contact the Shreveport Police Department to provide traffic control to prevent motorists from encountering the icy road. It is this court's conclusion that Dyer has pled sufficient facts to assert a cause of action. Accordingly, we are constrained to conclude that the exception of no cause of action was properly denied.

Finally, defendants argue that the trial court erred in applying an erroneous standard requiring them to exclude every factual scenario and to establish there are no possible facts that could support liability. The trial

court stated that "[it] cannot discount or assume that no evidence exists that would meet [the] standard." It also stated that it could not say that "there are no possible facts, such as actual knowledge of the road condition and its point of origin from a defect on Defendants' property, that could meet Plaintiff's burden." The court further stated that while it could not foresee imposing a duty that all property owners must keep sand on hand in the event their pipes burst and ice forms on an adjoining roadway, "[t]his does not exclude every factual scenario in which other action could have been taken, however, and the need to develop and evaluate those facts precludes granting the exception."

The trial court applied the correct standard. The general rule is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. *Roberts v. Sewerage and Water Bd. of New Orleans*, 92-2048 (La. 3/21/94), 634 So. 2d 341; *Kim R. Smith Logging, Inc. v. Indigo Minerals LLC*, 54,684 (La. App. 2 Cir. 10/12/22), 349 So. 3d 1112, *writ denied*, 22-01793 (La. 2/14/23), 355 So. 3d 615.

Stated another way, an exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211; *Sharp v. Melton*, 53,508 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1135. The ALFs' argument is without merit.

8

## CONCLUSION

For the foregoing reasons, the writ is recalled as improvidently granted and denied. The ruling denying the exception of no cause of action is affirmed. Costs are assessed against the ALFs.